FILED

SEP 3 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TEREsA NG<br>10404 Falls Forest Place<br>Great Falls, VA 22066<br><br>    Plaintiff,<br><br>v.<br><br>UBS FINANCIAL SERVICES INC.<br>1501 K Street, N.W.<br>Washington, DC 20001<br><br>    Defendant. | CASE NUMBER 1:05CV01936<br><br>JUDGE: John D. Bates<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 09/30/2005<br><br>JURY ACTION |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, Defendant UBS Financial Services Inc. ("Defendant"), by its attorneys, Morgan, Lewis & Bockius LLP, hereby removes this action to the United States District Court for the District of Columbia from the Superior Court of the District of Columbia. The grounds for removal are as follows:

1.  On August 19, 2005, Plaintiff Teresa Ng ("Plaintiff") filed a civil action in the Superior Court of the District of Columbia, captioned <u>Theresa Ng v. UBS Financial Services, Inc.</u>, Case No. 05-0006615.

2.  On September 2, 2005, the Complaint and Summons were received by a representative of Defendant.

3.  Defendant has filed this Notice of Removal within thirty (30) days of receipt of the Summons and Complaint and, therefore, has timely filed it pursuant to 28 U.S.C. §1446.

4. On September 22, 2005, Defendant filed a Consent Motion For Extension Of Time, attached hereto as Exhibit A, requesting an extension of time from September 22, 2005 until October 7, 2005 to answer, move or otherwise respond to Plaintiff's Complaint. The motion is currently pending.

5. No other proceedings have been held in this action and the Summons and Complaint, attached hereto as Exhibit B, constitute all process, pleadings and orders received by Defendant in this case.

6. In her Complaint, Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* and the District of Columbia Human Rights Act, D.C. Code. §2-1401, *et seq.* See Compl., Counts One through Six.

7. This action is removable under 28 U.S.C. §1441(a) & (b) because the district court would have original jurisdiction over Plaintiff's claim under the Title VII of the Civil Rights Act of 1964. See 42 U.S.C. §2000e-5(f)(3); Compl. Counts Four, Five and Six.

8. Plaintiff's claim under the District of Columbia Human Rights Act is so related to the claim of alleged violation of Title VII of the Civil Rights Act of 1964 that together they form part of the same case or controversy under Article III of the United States Constitution. This is demonstrated by Plaintiff's allegation of the same facts for both claims. See Compl. ¶¶ 4-11. Therefore, the state law claim may also be removed. 28 U.S.C. § 1367(a).

9. This Court also has original diversity jurisdiction over this matter. 28 U.S.C. §1332.

10. Plaintiff's complaint seeks damages of "not less than $50,000." See Compl. at p. 4. Plaintiff asserts damages consisting of: compensatory damages for pain and suffering,

emotional distress, mental anguish, lost pay/benefits, front pay, punitive damages, interest, costs and reasonable attorney's fees. Id. Based on Plaintiff's rate of pay and benefits during her employment with Defendant, the amount in controversy exceeds $75,000.

11. According to the Complaint, Plaintiff is a citizen of the state of Virginia.

12. Defendant is incorporated in the State of Delaware and has its principal place of business in the State of New York. Therefore, for the purposes of 28 U.S.C. §1332, Defendant is deemed a citizen of the States of Delaware and New York.

13. Because the Plaintiff and the Defendant are citizens of different states, there is complete diversity in this action.

14. Accordingly, Defendant removes this action pursuant to 28 U.S.C. §1441(b) on the basis that the above-captioned matter is a civil action over which this Court has original jurisdiction under the provision of 28 U.S.C. §1331, in that the suit involves a federal question, and 28 U.S.C. §1332(a), in that it is a suit between citizens of different states and in that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

15. Pursuant to 28 U.S.C. §1446(a), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the District of Columbia.

WHEREFORE, Defendant UBS Financial Services Inc. respectfully requests that this action be removed from the Superior Court of the District of Columbia and that this Court take jurisdiction over further proceedings.

Respectfully submitted,

*[signature: Heather S. Gelfuso]*

Karen E. Gray (D.C. Bar No. 472341)
Heather S. Gelfuso (D.C. Bar No. 487575)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202-739-3000
202-739-3001 (facsimile)

OF COUNSEL:

David A. McManus
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
212-309-6000
212-309-6001 (facsimile)

Dated: September 30, 2005

*Attorneys for Defendant UBS Financial Services Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served via regular mail, postage prepaid, a copy of the foregoing Notice of Removal this 30th day of September 2005, upon counsel for Plaintiff:

> Alan Lescht, Esq.
> 1050 17th Street, N.W.
> Suite 220
> Washington, DC 20036

*Heather S. Gelfuso* (signature)
Heather S. Gelfuso

1-WA/2459451.1