## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TERESA NG**<br>**10404 Falls Forest Place**<br>**Great Falls, VA 22066**<br><br>        **Plaintiff,**<br><br>        **v.**<br><br>**UBS FINANCIAL SERVICES INC.**<br>**1501 K Street, N.W.**<br>**Washington, DC 20001**<br><br>        **Defendant.** | **Civil Action No. 1:05CV01936** |

## ANSWER OF DEFENDANT UBS FINANCIAL SERVICES INC.

Defendant UBS Financial Services Inc. ("Defendant" or "UBS"), by its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12, hereby answers the Complaint of Plaintiff, Teresa Ng ("Plaintiff"), according to the numbered paragraphs thereof, as follows:

### JURISDICTION AND VENUE

1.    Defendant denies the allegations of paragraph 1, except to admit that Plaintiff sought to invoke the jurisdiction of the Superior Court of the District of Columbia, but Defendant avers that this Court now has jurisdiction over this action. Defendant further admits that it employed Plaintiff in the District of Columbia, and therefore venue is proper in this Court.

### THE PARTIES

2.    Upon information and belief, Defendant admits the allegations of paragraph 2 of the Complaint.

3.    Defendant admits the allegations of paragraph 3 of the Complaint.

## **FACTS RELEVANT TO ALL COUNTS**

4.      Defendant admits that Plaintiff was hired on or about March 26, 2001 as a cashier.

5.      Defendant denies the allegations of paragraph 5 of the Complaint.

6.      Defendant denies the allegations of paragraph 6 of the Complaint.

7.      Defendant denies the allegations of paragraph 7 of the Complaint.

8.      Defendant denies the allegations of paragraph 8 of the Complaint.

9.      Defendant denies the allegations of paragraph 9 of the Complaint, except to admit

that Defendant terminated Plaintiff's employment on or about August 29, 2001.

10.      Defendant denies the allegations of paragraph 10 of the Complaint.

11.      Defendant denies the allegations of paragraph 11 of the Complaint.

## **COUNT ONE**

12.      Defendant repeats and realleges its responses to the allegations contained in

Paragraphs 1 through 11 above as if said responses were fully set forth herein.

13.      Defendant denies the allegations of paragraph 13 of the Complaint.

14.      No response is required to Plaintiff's demand for a trial by jury.

## **COUNT TWO**

15.      Defendant repeats and realleges its responses to the allegations contained in

Paragraphs 1 through 14 above as if said responses were fully set forth herein.

16.      Defendant denies the allegations of paragraph 16 of the Complaint.

17.      No response is required to Plaintiff's demand for a trial by jury.

## **COUNT THREE**

18.      Defendant repeats and realleges its responses to the allegations contained in

Paragraphs 1 through 17 above as if said responses were fully set forth herein.

19.    Defendant denies the allegations of paragraph 19 of the Complaint.

20.    No response is required to Plaintiff's demand for a trial by jury.

## COUNT FOUR

21.    Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 20 above as if said responses were fully set forth herein.

22.    Defendant admits that Plaintiff filed a charge of discrimination with the EEOC.

23.    Defendant is without sufficient knowledge or information to affirm or deny the allegations set forth in paragraph 23 of the Complaint.

24.    Defendant denies the allegations of paragraph 24 of the Complaint.

25.    No response is required to Plaintiff's demand for a trial by jury.

## COUNT FIVE

26.    Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 25 above as if said responses were fully set forth herein.

27.    Defendant denies the allegations of paragraph 27 of the Complaint.

28.    No response is required to Plaintiff's demand for a trial by jury.

## COUNT SIX

29.    Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 28 above as if said responses were fully set forth herein.

30.    Defendant denies the allegations of paragraph 30 of the Complaint.

31.    No response is required to Plaintiff's demand for a trial by jury.

## GENERAL DENIAL

32.    Defendant denies any allegation contained in Plaintiff's Complaint that has not otherwise been specifically admitted or denied herein.

## DEMAND FOR A JURY TRIAL

The demand for a jury trial contains no factual allegations to admit or deny.  To the extent that the demand for a jury trial contains factual allegations, however, Defendant denies the factual allegations contained in the demand for a jury trial and avers that Plaintiff is not entitled to any of the relief requested.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2.      Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate, non-discriminatory, non-retaliatory and non-pretextual business reasons and were based upon reasonable factors other than Plaintiff's race.

3.      Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate, non-discriminatory, non-retaliatory and non-pretextual business reasons and were based upon reasonable factors other than Plaintiff's sex.

4.      Plaintiff's claims are not actionable, in whole or in part, because the acts complained of do not constitute actionable race discrimination.

5.      Plaintiff's claims are not actionable, in whole or in part, because the acts complained of do not constitute actionable sex discrimination.

6.      Plaintiff's claims are not actionable, in whole or in part, because the acts complained of do not constitute an actionable hostile work environment.

7.      Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing or discriminatory

conduct, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

8.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies and satisfy all statutory prerequisites to suit.

9.      Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

10.     Plaintiff's claims are not actionable, in whole or in part, because Defendant's conduct was neither negligent nor the proximate cause of any harm suffered by Plaintiff.

11.     Any damages claimed by Plaintiff were caused by her own actions or the actions of others whose behavior cannot be imputed to Defendant.

12.     All actions taken by Defendant with regard to Plaintiff were in good faith, based solely upon legitimate, non-discriminatory reasons, and were without malice.

13.     Plaintiff's claims are barred, in whole or in part, by the exclusivity provision set forth under the District of Columbia Workers' Compensation law, D.C. Code § 32-1504 (Westlaw 2005).

14.     To the extent UBS has acquired, or during the course of this litigation acquires, evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being disciplined and/or terminated, such after-acquired evidence shall bar Plaintiff on liability or damages or shall reduce such claims as provided by law.

15.     Plaintiff's claims are barred, in whole or in part, by the doctrine of employment at-will.

16.     Plaintiff's claims are barred by the doctrines of estoppel, waiver, and unclean hands.

17.     Punitive damages are not available against Defendant because Defendant acted without malice and with a good faith belief in the propriety of its conduct and in a good faith effort to comply with the law.

18.     An award of punitive damages would be an unconstitutional denial of Defendant's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

19.     To the extent that Plaintiff has failed to mitigate her damages, her claims or remedies are diminished or barred.

Defendant reserves the right to raise additional defenses as may be discovered during the course of this litigation.

WHEREFORE, Defendant requests that this matter be dismissed; that affirmative judgment be entered in its favor, with prejudice; and that Defendant be awarded its costs and attorney's fees expended in the defense of this action and such other relief as the Court may deem just and appropriate.

Respectfully submitted,

_____
                /s/
Karen E. Gray (D.C. Bar No. 472341)
Heather S. Gelfuso (D.C. Bar No. 487575)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202-739-3000
202-739-3001 (facsimile)

OF COUNSEL:

David A. McManus
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
212-309-6000
212-309-6001 (facsimile)

Dated: October 6, 2005                    *Attorneys for Defendant UBS
                                          Financial Services Inc.*

## <u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that I served via regular mail, postage prepaid, a copy of the foregoing Answer of Defendant UBS Financial Services Inc. this 6th day of October 2005, upon counsel for Plaintiff:

> Alan Lescht, Esq.
> 1050 17th Street, N.W.
> Suite 220
> Washington, DC 20036

                                          _____/s/_____
                                          Heather S. Gelfuso