IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERESA NG | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:05CV01936 |
| UBS FINANCIAL SERVICES INC. | ) ) ) |
| Defendant. | ) ) |

### DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S MEDICAL INFORMATION AND EXECUTION OF AN AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION AND <u>REQUEST FOR EXPEDITED CONSIDERATION OF THE MOTION</u>

Pursuant to Federal Rule of Civil Procedure 33, and in accordance with Federal Rule of Civil Procedure 34, Defendant UBS Financial Services, Inc., by and through its undersigned counsel, hereby submits its motion to compel Plaintiff's medical information and execution of an authorization to obtain Plaintiff's medical records. Defendant also requests that the Court order an extension of discovery, currently set to close on November 10, 2006, for the sole purpose of allowing Defendant to depose Plaintiff regarding her alleged emotional distress damages and any relevant medical records that may be received. Due to the time sensitive nature of these requests, Defendant respectfully requests that the Court consider this motion on an expedited basis.

- 2 -

Date: October 17, 2006                    Respectfully submitted,

                                                         /s/ Heather S. Gelfuso
                                       Grace E. Speights (D.C. Bar No. 392091)
                                       Karen E. Gray (D.C. Bar No. 472341)
                                       Heather S. Gelfuso (D.C. Bar No. 487575)
                                       MORGAN, LEWIS & BOCKIUS LLP
                                       1111 Pennsylvania Avenue, NW
                                       Washington, DC 20004
                                       202-739-3000
                                       202-739-3001 (facsimile)

                                       Attorneys for Defendant UBS
                                       Financial Services Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERESA NG** )<br> )<br>      **Plaintiff,** )<br> )<br>      v. )<br> )<br>**UBS FINANCIAL SERVICES INC.** )<br> )<br>      **Defendant.** )<br> ) | Civil Action No. 1:05CV01936 |

**DEFENDANT'S MEMORANDUM OF POINT AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF'S
MEDICAL INFORMATION AND EXECUTION OF AN
AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION AND REQUEST FOR
EXPEDITED CONSIDERATION OF THE MOTION**

Pursuant to Federal Rule of Civil Procedure 33, and in accordance with Federal Rule of Civil Procedure 34, Defendant UBS Financial Services, Inc. ("UBSFS"), by and through its undersigned counsel, hereby submits its motion to compel Plaintiff's medical information and release to obtain medical records. Discovery in this matter closes on Friday, November 10, 2006. Therefore, Defendant respectfully requests that the Court consider this Motion on an expedited basis. Defendant also requests that the Court order an extension of discovery for the sole purpose of allowing Defendant to depose Plaintiff regarding her alleged emotional distress damages and regarding any medical records that may be received.

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

On August 19, 2005, Plaintiff filed a Complaint against Defendant alleging harassment and hostile work environment based on her sex (female) and race (Asian). *See generally*

Complaint.[1]  In her Complaint, Plaintiff seeks "compensatory damages for [alleged] pain and suffering, emotional distress, mental anguish, lost pay/benefits, front pay, punitive damages, interest, costs and reasonable attorney's fees."  *See* Complaint p. 4.  Based on Plaintiff's claim for damages for emotional distress and mental anguish, as part of Defendant's First Request for Production of Documents, Defendant requested:

> Any and all medical, psychological, counseling and prescription records and reports relating to the treatment provided to Plaintiff from August 2000 to the present, and an executed form releasing such information to the undersigned law firm for the limited purpose of use in this lawsuit in the form annexed hereto as Exhibit B.

*See* Defendant UBS Financial Services, Inc.'s First Set of Document Requests to Plaintiff Teresa Ng, dated March 28, 2006, Request No. 34. p. 9, attached hereto as Ex. 1.  Defendant attached as Exhibit B an Authorization to Disclose Medical Information.  *See* Ex. B to Ex. 1.

Plaintiff's counsel and Defendant's counsel subsequently conferred by telephone and Plaintiff's counsel indicated that Plaintiff had not seen any medical providers since her termination from UBSFS and that she was unwilling to execute the Authorization to Disclose Medical Information.  Defendant's counsel stated that Defendant was entitled to Plaintiff's medical records so long as Plaintiff continued to pursue damages based on emotional distress.

On October 13, 2006, Plaintiff responded to Defendant's discovery requests and affirmed that Plaintiff was seeking damages for alleged "pain and suffering including mental anguish." *See* Plaintiff's Answers to Defendant's First Set of Interrogatories, dated October 13, 2006, Response to Interrogatory No. 4, p. 4, attached hereto as Ex. 2.  In response to Defendant's Document Request relating to medical records, Plaintiff's counsel responded, "Objection.  This request calls for information that is irrelevant and not calculated to lead to the discovery of

---

[1] Plaintiff's Complaint was initially filed in the Superior Court for the District of Columbia.  *See* Complaint.  On September 30, 2005, Defendant removed the case to this Court based on diversity jurisdiction and federal question jurisdiction.  *See* Notice of Removal.

- 4 -

relevant admissible evidence." *See* Plaintiff's Responses to Defendant UBS Financial Services, Inc.'s First Set of Document Requests, dated October 13, 2006, at p. 7, attached hereto as Ex. 3.

Upon receipt of Plaintiff's responses to Defendant's discovery requests, Defendant's counsel called Plaintiff's counsel and left a voicemail message, reiterating that Defendant was entitled to Plaintiff's medical records if Plaintiff was claiming emotional distress damages. Defendant's counsel informed Plaintiff's counsel that Defendant would be filing a Motion to Compel unless the Authorization to Disclose Medical Information was provided promptly. At the time of filing this Motion, Plaintiff's counsel had not responded.

## II.     ARGUMENT

**A.     Defendant Is Entitled To Obtain Plaintiff's Medical Records Based On Plaintiff's Claim Of Emotional Distress.**

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any matter not privileged, that is relevant to the claim or defense …" Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). By seeking compensatory damages relating to "pain and suffering including mental anguish," Plaintiff has put her physical and mental health squarely at issue and discovery regarding her physical and mental health is relevant to her claims. *See Benham v. Rice,* CA No. 03-1127 (HHK/JMF), --- F.R.D ---, 2006 WL 2640268, *2-3 (D.D.C. Sept. 14, 2006) (granting defendant's motion for independent medical examination and to compel production of healthcare records, where employee sought damages in employment discrimination suit for emotional distress, thereby placing existence and extent of alleged mental injury in controversy), attached hereto as Ex. 4; *Smith v. Koplan*, 215 F.R.D. 11, 13 (D.D.C. 2003) (holding that Title VII plaintiff was required to submit to independent medical

examination, where she alleged "physical, emotional and economic damages" as a result of alleged discrimination because "an employee who seeks compensatory damages for emotional pain suffered as a result of employer's action has placed the existence and extent of their alleged mental injury in controversy"); *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) ("[H]er claims [of extreme emotional distress] against [defendant] placed her medical condition at issue, making the [medical records] sought by [defendant] relevant, and ... discoverable."); *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N.D. Tex. 2005) (holding that medical records are relevant to claims of mental anguish in employment discrimination cases); *Fox v. Gates Corp.,* 179 F.R.D. 303, 305-07 (D. Colo. 1998) (holding that defendant was entitled to discovery of plaintiff's medical and psychotherapy records because plaintiff "initiat[ed] a legal action in which she claim[ed] damages for emotional distress").

Indeed, Defendant is entitled to Plaintiff's medical records whether or not they are directly related to her employment with UBSFS because, "[w]hen a plaintiff alleges emotional distress, a defendant is entitled to explore whether causes unrelated to the alleged wrong contributed to plaintiff's claimed emotional distress, and a defendant may propound discovery of any relevant medical records of plaintiff in an effort to do so." *Moore v. Chertoff,* C.A. No. 00-953 (RWR)(DAR), 2006 WL 1442447, at *2-3 (D.D.C. May 22, 2006) (holding that plaintiff could not "withhold from the defendant as irrelevant medical records that could be probative of potential causes contributing to plaintiff's alleged injuries."), attached hereto as Ex. 5; *see, e.g., Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 657, 659 (D. Kan. 2004) ("Generally, discovery requests seeking an employment discrimination plaintiff's medical and psychological records are held to be relevant as to both causation and the extent of plaintiff's alleged injuries and damages if plaintiff claims damages for emotional pain, suffering, and mental anguish."); *Jensen v. Astrazeneca LP*, 2004 WL 2066837, at *4 (D. Minn. Aug. 30, 2004) (holding that plaintiff's

medical records were "relevant and discoverable" because "they may shed light on other contributing causes of plaintiff's claims of emotional distress."), attached hereto as Ex. 6; *Walker v. Northwest Airlines Corp.*, 2002 WL 32539635, at *3 (D. Minn. Oct. 28, 2002) (holding that defendant was entitled to obtain plaintiff's medical records because defendant was "entitled to determine whether Plaintiff's relevant medical history indicates that his alleged emotional distress was caused in part by events and circumstances independent of [Defendant's] allegedly adverse employment action."), attached hereto as Ex. 7; *Sidor v. Reno*, 1998 WL 164823, at *2 (S.D.N.Y. Apr. 7, 1998) ("Defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related."), attached hereto as Ex. 8; *EEOC v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1141-42 (E.D. Mo. 1997) ("[T]he Court finds that the medical records are discoverable to determine whether the plaintiff-intervenors' past medical history contributed to their claimed emotional distress."); *Lowe v Philadelphia Newspapers, Inc.,* 101 F.R.D. 296, 298-99 (E.D. Pa.1983) (concluding that as long as plaintiff sought damages based on physical, mental or emotional harm or distress, defendant in employment discrimination suit was entitled to plaintiff's medical history, whether or not directly related to employment).  As such, Plaintiff's objection that her medical records are not relevant is clearly without merit.[2]

Accordingly, Defendant respectfully requests that the Court direct Plaintiff to respond in full to Defendant's discovery requests regarding her medical condition and history and to execute the Authorization to Disclose Medical Information.  Alternatively, the Court should strike Plaintiff's claim for compensatory damages for pain and suffering, including mental anguish.  *See Sanchez v. U.S. Airways, Inc.,* 202 F.R.D. 131, 136 (E.D. Pa. 2001) (ordering

---

[2]  To the extent Plaintiff has seen a psychotherapist and claims such records are privileged, Plaintiff has waived that privilege by putting her mental state at issue in this litigation.  *See Kalinoski v. Evans,* 377 F. Supp. 2d 136, 137-38 (D.D.C. 2005) (plaintiff waived psychotherapist-patient privilege when she claimed in litigation that defendant caused her severe emotional distress).

1-WA/2643149.4

- 8 -

plaintiff who brought claims for emotional distress to either produce medical records or "have their claims for emotional and mental distress be stricken.").

### III.     CONCLUSION

For the reasons fully set forth above, Defendant respectfully requests that the Court grant its motion to compel Plaintiff to respond in full to its discovery requests regarding Plaintiff's medical condition and history, and to execute the Authorization to Disclose Medical Information. Defendant also respectfully requests that the Court extend the discovery period for the sole purpose of Defendant deposing Plaintiff regarding emotional distress damages and any relevant medical records that may be received, and award Defendant its attorney fees and costs incurred in filing this motion.

Date: October 17, 2006

Respectfully submitted,

       /s/ Heather S. Gelfuso       
Grace E. Speights (D.C. Bar No. 392091)
Karen E. Gray (D.C. Bar No. 472341)
Heather S. Gelfuso (D.C. Bar No. 487575)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202-739-3000
202-739-3001 (facsimile)

Attorneys for Defendant UBS Financial Services Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TERESA NG ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01936 |
| ) | |
| UBS FINANCIAL SERVICES INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), I, Karen E. Gray, hereby certify that, as detailed in the Memorandum of Points and Authorities filed herewith, I have conferred in good faith with Plaintiff's counsel in an effort to resolve the discovery dispute regarding Plaintiff's medical information and Plaintiff's Authorization to Disclose Medical Information. Plaintiff failed to provide the requested information or the Authorization in her discovery responses and her counsel has asserted that the information requested is irrelevant to Plaintiff's claims and not calculated to lead to the discovery of relevant admissible evidence. Therefore, I certify that, after reasonable effort, the parties are unable to resolve this dispute.

/s/ Karen E. Gray
Karen E. Gray

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERESA NG** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UBS FINANCIAL SERVICES INC.** )<br>)<br>**Defendant.** )<br>) | Civil Action No. 1:05CV01936 |

## ORDER

Upon consideration of Defendant's Motion to Compel and any opposition filed thereto, it is hereby ORDERED this _____ day of _____ that Defendant's Motion to Compel is GRANTED;

Accordingly, it is hereby ORDERED that Plaintiff is to respond fully to Defendant's discovery requests regarding her medical condition and history; and it is further

ORDERED that Plaintiff execute the Authorization to Disclose Medical Information provided to her by Defendant; and it is further

ORDERED that the discovery period be extended for the sole purpose of Defendant deposing Plaintiff regarding her claim for emotional distress damages and any medical records that may be received.  The parties shall confer regarding the amount of additional time that will be needed to conduct this discovery and advise the Court by filing a joint stipulation; and it is further

ORDERED that Plaintiff pay Defendant all costs and fees which were incurred in filing Defendant's Motion to Compel.  Defendant shall submit a request for fees and costs incurred in filing this motion within 20 days of the date of this Order.

- 2 -

_____
Judge John D. Bates

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I served via U.S mail postage prepaid, and via facsimile (without exhibits), a copy of the foregoing Defendant UBS Financial Services Inc.'s Motion to Compel Plaintiff's Medical Information and Execution of an Authorization to Disclose Medical Information and Request for Expedited Consideration of Motion, Memorandum of Points and Authorities in Support Thereof, Certification, and proposed Order, this 17th day of October 2006, upon counsel for Plaintiff:

        Alan Lescht, Esq.
        1050 17th Street, N.W.
        Suite 220
        Washington, DC 20036

                                      /s/ Heather S. Gelfuso
                                      Heather S. Gelfuso