IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERESA NG )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UBS FINANCIAL SERVICES INC. )<br>)<br>Defendant. )<br>) | Civil Action No. 1:05CV01936 |

**DEFENDANT UBS FINANCIAL SERVICES, INC.'S
FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF TERESA NG**

Defendant UBS Financial Services, Inc. ("UBS"), by and through its undersigned counsel, propounds the following requests for documents and tangible things upon Plaintiff Teresa Ng, and requests that she answer them separately and fully and provide the requested documents within thirty (30) days of service pursuant to Federal Rule of Civil Procedure 34 and Local Rule 26.

**DEFINITIONS**

1. The terms "you," "yours" and/or "yourself" mean Plaintiff Teresa Ng and any other persons acting, or purporting to act, on behalf of Plaintiff Teresa Ng.

2. The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

3. The term "correspondence" includes all letters, telegrams, notices, messages, phone logs, electronic mail, or other written communications or conferences or other oral communications.



1-WA/2534158.2

4. The term "date" shall mean the exact date, month and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

5. The term "documents" means each document or group of documents as defined in Rule 34 of the Federal Rules of Civil Procedure that are known to you or that can be located or discovered by reasonable diligent efforts. In addition, the word "document" shall mean any writing, recording, computer-stored information, or photograph in your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, pamphlets, periodicals, reports, charts, drawings, graphs, surveys, ledgers, invoices, computer printouts, computer discs, data sheets, microfilms, video tapes, or tape recordings.

6. The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

7. The term "person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

8. The terms "pertains to" or "pertaining to" mean and include relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts. These terms mean, without limitation, any reference or relationship which either: (1) provides information with respect to the subject inquiry; or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

9. The terms "relates to" or "relating to" mean and include constituting, referring to, pertaining to, evidencing, reflecting, describing, or has anything to do with, and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship which either: (1) provides information with respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

10. The term "action" shall mean the above captioned case entitled Teresa Ng v. UBS Financial Services, Inc., Civil Action No. 1:05 cv 01936 pending in the United States District Court for the District of Columbia before Judge John Garrett Penn.

## INSTRUCTIONS

1. The document requests set forth below shall be deemed to be continuing to the full extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure. When responsive documents become available subsequent to the filing of Plaintiff's initial responses, such documents shall be produced in a supplemental response.

2. As required under Rule 34(b) of the Federal Rules of Civil Procedure, when producing documents for inspection, such documents shall be kept in the usual course of business or shall be organized and labeled to correspond to each document request set forth below. Documents stapled, clipped, bound or otherwise attached to each other should not be separated. Documents contained, maintained, or stored in file folders or any other fastener should be produced in such a manner as to identify the label on such file folder or fastener.

3. Produce all electronic data responsive to the following requests, translated, if necessary, by you into reasonably usable form. For all data or electronic documents responsive to these requests, produce an exact duplicate of such data or documents on a computer disk that

1-WA/2534158.2

can be read by a common spreadsheet or other program (such as Microsoft Excel or Word), as well as a hard-copy version of such data.

4. For any document, or part thereof, that contains information responsive to any request set forth below that you seek to withhold under a claim of privilege: (1) redact the information being withheld for privilege and indicate on the produced document where you have redacted information; and (2) for each document withheld under a claim of privilege or document containing information redacted under a claim of privilege provide an index with the following information:

    a. the type and date of the document;

    b. the title of the document and description of the subject matter of the document;

    c. the name and position of each author, preparer (other than stenographic or clerical personnel), sender, addressee, and recipient of the document; and

    d. a statement of the exact privilege being claimed.

Provide the information requested in this instruction with sufficient specificity to enable counsel for Defendant and the Court to assess the applicability of the privilege or protection.

## **DOCUMENT REQUESTS**

1.  Any and all documents identified in Plaintiff's responses to Defendant's First Set of Interrogatories and/or which Plaintiff believes pertain to her responses to Defendant's First Set of Interrogatories.

2.  Any and all documents that pertain to Plaintiff's allegations of discrimination based on race and sex by Defendant UBS, its agents, managers, and/or employees.

3.  Any and all documents that pertain to Plaintiff's allegations of retaliation by Defendant UBS, its agents, managers, and/or employees.

4.  Any and all witness statements and notes which pertain to any of the allegations made by Plaintiff in her Complaint.

5.  Any and all diaries, journals, calendars, or similar documents or recordings which pertain to the period during which Plaintiff alleges that she was discriminated and/or retaliated against.

6.  Any and all documents that pertain to Plaintiff's allegations in paragraph 5 of her Complaint that she was subjected to unwanted sexual advances, a hostile work environment, and/or experienced harassment on the basis of her sex by a male co-worker.

7.  Any and all documents that pertain to Plaintiff's allegations in paragraph 6 of her Complaint that she was subjected to a hostile work environment and/or experienced harassment on the basis of her race by a male co-worker.

8.  Any and all documents that pertain to Plaintiff's allegations in paragraph 7 of her Complaint that she complained to management about the alleged harassment referenced in paragraphs 5 and 6 of Plaintiff's Complaint.

1-WA/2534158.2

9.  Any and all documents that pertain to Plaintiff's allegations in paragraphs 9, 13 and 24 of her Complaint that Defendant and/or any of its agents or representatives retaliated against Plaintiff based on her alleged opposition to and/or complaints about sexual harassment.

10. Any and all documents that pertain to Plaintiff's allegations in paragraphs 9, 13 and 24 of her Complaint that Defendant and/or any of its agents or representatives discriminated against Plaintiff based on her alleged opposition to and/or complaints about racial harassment.

11. Any and all documents that pertain to Plaintiff's allegations in paragraphs 16 and 27 of her Complaint that Defendant and/or any of its agents or representatives subjected Plaintiff to unlawful harassment on the basis of her sex.

12. Any and all documents that pertain to Plaintiff's allegations in paragraphs 19 and 30 of her Complaint that Defendant and/or any of its agents or representatives subjected Plaintiff to unlawful harassment on the basis of her race.

13. Any and all writings of any type, notes, journals, diaries, summaries, transcripts or tape recordings of any conversations involving Plaintiff or any current or former director, officer, manager, supervisor or employee of UBS.

14. Any and all documents relating to any employment sought or held by Plaintiff from August 2001 through the present, including, but not limited to, resumes or applications submitted, offers of employment, paycheck stubs, wage statements, and documents relating to benefits provided by any employer or potential employer to Plaintiff.

15. Any and all documents relating to any communication between Plaintiff and UBS, by and through its employees or agents, pertaining to the allegations made in Plaintiff's Complaint.

16. Any and all documents concerning any charge or complaint alleging discrimination or retaliation which Plaintiff has filed with the EEOC, or any other state of federal agency, commission or other administrative body against any employer with whom Plaintiff was or is employed (including, but not limited to, UBS), or by whom Plaintiff was denied employment.

17. Any and all handbooks, employment manuals, documents, personnel records, policies, reports, statement, affidavits, or other documents relating to UBS' policies and procedures, Plaintiff's employment with UBS, or Plaintiff's claims against UBS, including all documents that Plaintiff received from UBS.

18. Any and all documents relating to reports of witnesses or potential witnesses that pertain to Plaintiff's allegations, or that may be used by Plaintiff as evidence or at the trial of this action, including but not limited to documents that contain any statements, sworn or unsworn, of any person with knowledge of any of the allegations made by Plaintiff in this action or which Plaintiff believes pertain to her claims.

19. Any and all documents concerning or providing substantiation or support for any damages, other than monetary damages, that Plaintiff allegedly suffered or will suffer as a result of the subject matter of this lawsuit and/or the allegations set forth in the Complaint.

20. Any and all documents concerning Plaintiff's receipt of income or income substitutes (whether taxable or non-taxable) from any source from 1998 to the present.

21. Any and all documents concerning any earnings, salary, wages or other compensation, including, but not limited to, fringe benefits such as pension benefits or medical and life insurance, that Plaintiff has received from any person(s) for work, labor or services of

- 8 -

any kind performed or rendered by Plaintiff (including self-employment) from 1998 to the present.

22. Any and all documents concerning any unemployment compensation benefits, or Workers' Compensation benefits which Plaintiff has applied for and/or received from 1998 to the present, including, without limitation, any claims for such benefits on behalf of Plaintiff.

23. Any and all documents concerning the wages, benefits and all other terms and conditions of employment offered in connection with any employment offered to Plaintiff (even if not accepted) from August 2001 to the present.

24. Any and all documents concerning any experts retained by or on behalf of Plaintiff, including, but not limited to, all documents sent to or from such expert, all documents prepared by such expert, and all reports of such expert.

25. The current curriculum vitae for each expert retained by or on behalf of Plaintiff for any period of time.

26. Any and all correspondence and/or documents exchanged between Plaintiff and any non-party, concerning the allegations or claims in the Complaint.

27. Any and all documents concerning any admissions allegedly made by UBS and/or any of its representatives or employees, or by anyone acting on their behalf, concerning any issues contained in the Complaint.

28. Any and all documents, including pleadings and discovery propounded and produced, concerning any other lawsuit, or administrative or judicial proceeding, to which Plaintiff is or was a party.

29. Any and all documents concerning any allegation of race, sex, national origin and/or retaliation made by Plaintiff concerning any employment she has held.

- 9 -

30.  Any and all documents concerning any claim or demand of any person, entity, or insurer made by Plaintiff for any asserted injury or other basis for damages.

31.  Any and all documents, to the extent not otherwise produced in response to the foregoing requests, concerning or providing substantiation or support for any of the allegations in the Complaint or which Plaintiff may seek to introduce at the trial in this matter.

32.  All documents, texts, publications, or other written material that Plaintiff may use in the presentation of her case at trial or in cross-examining any defendant, witness, or expert retained by any party.

33.  An authorization duly executed by Plaintiff providing for release of all employment records in the form annexed hereto as Exhibit A.

34.  Any and all medical, psychological, counseling and prescription records and reports relating to treatment provided to Plaintiff from August 2000 to the present, and an executed form releasing such information to the undersigned law firm for the limited purpose of use in this lawsuit in the form annexed hereto as Exhibit B.

35.  Any and all documents relating to any fee agreement Plaintiff entered into with any counsel pertaining to representation in this action, or where retention was sought in any way relating to Plaintiff's employment with, or termination from, UBS.

36.  Any and all documents Plaintiff obtained or received from UBS or from any other source which relate in any way or are relevant to her claims, job duties, work performance, and/or discipline received at UBS.

Date: March 28, 2006

Respectfully submitted,

_[signature: Heather S. Gelfuso]_

Karen E. Gray (D.C. Bar No. 472341)
Heather S. Gelfuso (D.C. Bar No. 487575)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202-739-3000
202-739-3001 (facsimile)

OF COUNSEL:
David A. McManus
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
212-309-6000
212-309-6001 (facsimile)

*Attorneys for Defendant UBS Financial Services Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I served via regular mail, postage prepaid, a copy of the foregoing Defendant UBS Financial Services Inc.'s First Set of Document Requests to Plaintiff Teresa Ng this 28th day of March 2006, upon counsel for Plaintiff:

        Alan Lescht, Esq.
        1050 17th Street, N.W.
        Suite 220
        Washington, DC 20036

                              */s/ Heather S. Gelfuso*
                              Heather S. Gelfuso

# EXHIBIT A

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT INFORMATION AND RECORDS

Fill in name and address:

_____

_____

_____

_____

This Authorization permits you to release copies of all of the information and records which you possess or maintain regarding, relating to or concerning me and/or my employment, including, but not limited to, my complete personnel file, employment application(s), W-2's, resumes, job descriptions, performance reviews, termination, medical information, all documents regarding my salary, benefits and/or other compensation, and all correspondence and/or other communications between the company and me.

The above information may be released to:

>Karen E. Gray
>Morgan, Lewis & Bockius LLP
>1111 Pennsylvania Avenue, N.W.
>Washington, D.C.  20004
>(202) 739-5334

Receipt of a copy of this authorization is receipt of an original and requires production of the requested documents.

Signed: _____
           Teresa L. Ng

Dated: _____

_____
NOTARY PUBLIC

1-WA/2545656.1

# EXHIBIT B

## AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

I, TERESA L. NG, authorize _____ (the "Covered Health Care Provider"), to disclose medical information about me as described below:

1. The information to be disclosed are medical records regarding TERESA L. NG'S physical or mental health from August 2000 through the present, including, but not limited to: office records; hospital records; x-ray files; laboratory reports; medical photographs; records of counseling or therapy or treatment; medical or psychological diagnoses and prognoses; clinical notes; doctors' orders; nurses' notes; physical therapy records; out-patient records; billing records; summaries of records; or abstracts of records.

2. The Covered Health Care Provider may disclose the above-described information to Karen E. Gray of Morgan, Lewis & Bockius, LLP, 1111 Pennsylvania Ave., NW, Washington, DC 20004.

3. This disclosure is made for the following purposes: at the request of the individual in connection with employment litigation.

4. I understand that my treatment by the Covered Health Care Provider is not conditional upon my execution of this Authorization.

5. I understand that the information disclosed pursuant to this Authorization may no longer be protected by the federal health privacy rule and may be subject to re-disclosure by the recipient.

6. I understand that I have the right to revoke this Authorization in writing at any time by sending a letter to the Covered Health Care Provider, and that the effective date of my revocation will be the date that my Covered Health Care Provider receives it. I further understand that any revocation will be effective only to the extent that the Covered Health Care Provider has not already taken action in reliance on this Authorization.

7. This Authorization shall expire on June 30, 2006.

_____
Printed Name (of person giving authorization)

_____                    _____
Signature of person giving authorization                           Date