IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TERESA NG                           )
                                    )
            Plaintiff,              )
                                    )
        v.                          )   Civil Action No. 1:05CV01936
                                    )
UBS FINANCIAL SERVICES INC.         )
                                    )
            Defendant.              )
_____)

**PLAINTIFF'S RESPONSES TO DEFENDANT UBS FINANCIAL SERVICES, INC.'S FIRST SET OF DOCUMENT REQUESTS**

Plaintiff, Teresa Ng, by counsel responds as follows to Defendant's First Set of Document Requests:

## DOCUMENT REQUESTS

1. Any and all documents identified in Plaintiff's responses to Defendant's First Set of Interrogatories and/or which Plaintiff believes pertain to her responses to Defendant's First Set of Interrogatories.

**See attached.**

2. Any and all documents that pertain to Plaintiff's allegations of discrimination based on race and sex by Defendant UBS, its agents, managers, and/or employees.

**See attached.**

3. Any and all documents that pertain to Plaintiff's allegations of retaliation by Defendant UBS, its agents, managers, and/or employees.

**See attached.**

EXHIBIT 3

1-WA/2534158.3

4.     Any and all witness statements and notes which pertain to any of the allegations made by Plaintiff in her Complaint.

**See attached.**

5.     Any and all diaries, journals, calendars, or similar documents or recordings which pertain to the period during which Plaintiff alleges that she was discriminated and/or retaliated against.

**See attached.**

6.     Any and all documents that pertain to Plaintiff's allegations in paragraph 5 of her Complaint that she was subjected to unwanted sexual advances, a hostile work environment, and/or experienced harassment on the basis of her sex by a male co-worker.

**See attached.**

7.     Any and all documents that pertain to Plaintiff's allegations in paragraph 6 of her Complaint that she was subjected to a hostile work environment and/or experienced harassment on the basis of her race by a male co-worker.

**See attached.**

8.     Any and all documents that pertain to Plaintiff's allegations in paragraph 7 of her Complaint that she complained to management about the alleged harassment referenced in paragraphs 5 and 6 of Plaintiff's Complaint.

**See attached.**

1-WA/2534158.3

9. Any and all documents that pertain to Plaintiff's allegations in paragraphs 9, 13 and 24 of her Complaint that Defendant and/or any of its agents or representatives retaliated against Plaintiff based on her alleged opposition to and/or complaints about sexual harassment.

**See attached.**

10. Any and all documents that pertain to Plaintiff's allegations in paragraphs 9, 13 and 24 of her Complaint that Defendant and/or any of its agents or representatives discriminated against Plaintiff based on her alleged opposition to and/or complaints about racial harassment.

**See attached.**

11. Any and all documents that pertain to Plaintiff's allegations in paragraphs 16 and 27 of her Complaint that Defendant and/or any of its agents or representatives subjected Plaintiff to unlawful harassment on the basis of her sex.

**See attached.**

12. Any and all documents that pertain to Plaintiff's allegations in paragraphs 19 and 30 of her Complaint that Defendant and/or any of its agents or representatives subjected Plaintiff to unlawful harassment on the basis of her race.

**See attached.**

13. Any and all writings of any type, notes, journals, diaries, summaries, transcripts or tape recordings of any conversations involving Plaintiff or any current or former director, officer, manager, supervisor or employee of UBS.

**See attached.**

14. Any and all documents relating to any employment sought or held by Plaintiff from August 2001 through the present, including, but not limited to, resumes or applications

submitted, offers of employment, paycheck stubs, wage statements, and documents relating to benefits provided by any employer or potential employer to Plaintiff.

**See attached.**

15. Any and all documents relating to any communication between Plaintiff and UBS, by and through its employees or agents, pertaining to the allegations made in Plaintiff's Complaint.

**See attached.**

16. Any and all documents concerning any charge or complaint alleging discrimination or retaliation which Plaintiff has filed with the EEOC, or any other state of federal agency, commission or other administrative body against any employer with whom Plaintiff was or is employed (including, but not limited to, UBS), or by whom Plaintiff was denied employment.

**See attached.**

17. Any and all handbooks, employment manuals, documents, personnel records, policies, reports, statement, affidavits, or other documents relating to UBS' policies and procedures, Plaintiff's employment with UBS, or Plaintiff's claims against UBS, including all documents that Plaintiff received from UBS.

**See attached.**

18. Any and all documents relating to reports of witnesses or potential witnesses that pertain to Plaintiff's allegations, or that may be used by Plaintiff as evidence or at the trial of this action, including but not limited to documents that contain any statements, sworn or unsworn, of any person with knowledge of any of the allegations made by Plaintiff in this action or which Plaintiff believes pertain to her claims.

**See attached.**

19. Any and all documents concerning or providing substantiation or support for any damages, other than monetary damages, that Plaintiff allegedly suffered or will suffer as a result of the subject matter of this lawsuit and/or the allegations set forth in the Complaint.
**See attached.**

20. Any and all documents concerning Plaintiff's receipt of income or income substitutes (whether taxable or non-taxable) from any source from 1998 to the present.
**See attached.**

21. Any and all documents concerning any earnings, salary, wages or other compensation, including, but not limited to, fringe benefits such as pension benefits or medical and life insurance, that Plaintiff has received from any person(s) for work, labor or services of any kind performed or rendered by Plaintiff (including self-employment) from 1998 to the present.
**See attached.**

22. Any and all documents concerning any unemployment compensation benefits, or Workers' Compensation benefits which Plaintiff has applied for and/or received from 1998 to the present, including, without limitation, any claims for such benefits on behalf of Plaintiff.
**See attached.**

23. Any and all documents concerning the wages, benefits and all other terms and conditions of employment offered in connection with any employment offered to Plaintiff (even if not accepted) from August 2001 to the present.
**None.**

24. Any and all documents concerning any experts retained by or on behalf of Plaintiff, including, but not limited to, all documents sent to or from such expert, all documents prepared by such expert, and all reports of such expert.

**To be supplied if experts are obtained.**

25. The current curriculum vitae for each expert retained by or on behalf of Plaintiff for any period of time.

**To be supplied if experts are obtained.**

26. Any and all correspondence and/or documents exchanged between Plaintiff and any non-party, concerning the allegations or claims in the Complaint.

**See attached.**

27. Any and all documents concerning any admissions allegedly made by UBS and/or any of its representatives or employees, or by anyone acting on their behalf, concerning any issues contained in the Complaint.

**See attached.**

28. Any and all documents, including pleadings and discovery propounded and produced, concerning any other lawsuit, or administrative or judicial proceeding, to which Plaintiff is or was a party.

**None.**

29. Any and all documents concerning any allegation of race, sex, national origin and/or retaliation made by Plaintiff concerning any employment she has held.

**None other than the documents pertaining to this lawsuit.**

30. Any and all documents concerning any claim or demand of any person, entity, or insurer made by Plaintiff for any asserted injury or other basis for damages.

**None other than the documents pertaining to this lawsuit.**

31. Any and all documents, to the extent not otherwise produced in response to the foregoing requests, concerning or providing substantiation or support for any of the allegations in the Complaint or which Plaintiff may seek to introduce at the trial in this matter.

**See attached.**

32. All documents, texts, publications, or other written material that Plaintiff may use in the presentation of her case at trial or in cross-examining any defendant, witness, or expert retained by any party.

**See attached.**

33. An authorization duly executed by Plaintiff providing for release of all employment records in the form annexed hereto as Exhibit A.

**Objection. This request calls for information that is irrelevant and not calculated to lead to the discovery of relevant admissible evidence.**

34. Any and all medical, psychological, counseling and prescription records and reports relating to treatment provided to Plaintiff from August 2000 to the present, and an executed form releasing such information to the undersigned law firm for the limited purpose of use in this lawsuit in the form annexed hereto as Exhibit B.

**Objection. This request calls for information that is irrelevant and not calculated to lead to the discovery of relevant admissible evidence.**

35. Any and all documents relating to any fee agreement Plaintiff entered into with any counsel pertaining to representation in this action, or where retention was sought in any way relating to Plaintiff's employment with, or termination from, UBS.

Objection. This request calls for information that is irrelevant and not calculated to lead to the discovery of relevant admissible evidence.

36. Any and all documents Plaintiff obtained or received from UBS or from any other source which relate in any way or are relevant to her claims, job duties, work performance, and/or discipline received at UBS.

See attached.

*Alan Lescht*
Susan L. Kruger
Alan Lescht & Associates, PC
1050 17th Street, N.W., Suite 220
Washington, DC 20036
202-463-6036
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was hand-delivered this 13 day of October, 2006 to:

Karen E. Gray (D.C. Bar No. 472341)
Heather S. Gelfuso (D.C. Bar No. 487575)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202-739-3000
Attorneys for Defendant UBS Financial Services Inc.

*Alan Lescht*