Westlaw.

2006 WL 2640268                                                                    Page 1

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
District of Columbia.
Renate M. BENHAM, Plaintiff,
v.
Condoleeza RICE, Defendant.
**CA No. 03-1127 (HHK/JMF).**

Sept. 14, 2006.

**Background:** Caucasian female employee of the Department of State brought two suits action pro se against the Secretary of State and others, asserting various causes of action arising out of her effort to obtain a lateral employment transfer, including violations of Title VII, the Age Discrimination in Employment Act (ADEA), and the Civil Service Reform Act. Plaintiff filed various discovery motions.

**Holdings:** The District Court, John M. Facciola, United States Magistrate Judge, held that:
(1) defendant would not be compelled to respond to plaintiff's request for production of all documents to be used in the defense, as request was vague and overbroad;
(2) defendant would not be compelled to answer interrogatory asking it to describe all incidents of discrimination and identify the individuals who committed them, as it was plaintiff's burden to specify her claim, not defendant's; and
(3) plaintiff's emotional distress claim placed existence and extent of alleged mental injury in controversy, giving defendant good cause for an independent medical examination (IME).
Motions granted in part and denied in part.

**[1] Federal Civil Procedure** ☞1581
170Ak1581 Most Cited Cases
Defendant would not be compelled to respond to plaintiff's request for production of all documents to be used in the defense, as request was vague and overbroad.

**[2] Federal Civil Procedure** ☞1591
170Ak1591 Most Cited Cases
Department of State would not be compelled in employment discrimination suit to produce all documents relating to employment decisions made as to all passport services employees since January, 1990, as request was patently overbroad.

**[3] Federal Civil Procedure** ☞1593
170Ak1593 Most Cited Cases
Department of State would not be compelled in employment discrimination suit to produce all documents relating to the employment of all Seattle passport agency employees, including those documents relating to specified employees, from their date of hire to the present, as request was patently overbroad in requiring all documents relating to every employee's employment.

**[4] Federal Civil Procedure** ☞1593
170Ak1593 Most Cited Cases
Department of State would not be compelled in employment discrimination suit to produce all documents relating to mobility information about all Consular Affairs employees since January 1, 1987, as request was overbroad and unduly burdensome.

**[5] Federal Civil Procedure** ☞1593
170Ak1593 Most Cited Cases
Department of State would not be compelled in employment discrimination suit to produce all files, kept in specified locations, relating to all Passport Agency employees since January 1, 1990, as production of all files for employees for a 15-year period, irrespective of their content, was patently

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT
4

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

overbroad.

**[6] Federal Civil Procedure** 🔗**1593**
170Ak1593 Most Cited Cases
Department of State would not be compelled in employment discrimination suit to produce all files for Consular Affairs employees containing complaints of workplace dissatisfaction since January 1, 1987, as maintained by specified offices within the State Department, as production of all files in a 19-year period for all complaints of workplace dissatisfaction, irrespective of the nature or cause of the dissatisfaction, was patently overbroad.

**[7] Federal Civil Procedure** 🔗**1593**
170Ak1593 Most Cited Cases
Department of State would not be compelled in employment discrimination suit to produce all correspondence since January 1, 1990 between specified managers, supervisors, and employees relating to plaintiff, as all correspondence, irrespective of subject matter, would necessarily require the production of documents that had nothing to do with the case.

**[8] Federal Civil Procedure** 🔗**1593**
170Ak1593 Most Cited Cases
Plaintiff's request in employment discrimination suit that the Department of State produce all documents relating to promotion of all passport office regional directors from January 1, 1987, was patently overbroad; while there was a theoretical possibility that plaintiff might compare herself to a regional director who was treated differently, that possibility could not justify the breadth of the demand.

**[9] Federal Civil Procedure** 🔗**1593**
170Ak1593 Most Cited Cases
Plaintiff's request in employment discrimination suit that the Department of State produce all personal and professional information relating to all passport office regional directors from January 1, 1987 was patently overbroad.

**[10] Federal Civil Procedure** 🔗**1593**
170Ak1593 Most Cited Cases
Plaintiff's request in employment discrimination suit

that the Department of State produce all correspondence from January 1, 1990 between managers and non-managers about plaintiff was overbroad and unduly burdensome, as all correspondence would by necessity include correspondence that was not relevant to a claim or defense.

**[11] Federal Civil Procedure** 🔗**1593**
170Ak1593 Most Cited Cases
Department of State would not be compelled in employment discrimination suit to produce all documents from January 1, 1997 relating to passport services employee complaints, as a demand for complaints for a 19-year period, irrespective of the nature of the complaints and the person against whom the complaint was made, was patently overbroad.

**[12] Federal Civil Procedure** 🔗**1593**
170Ak1593 Most Cited Cases
Department of State would not be compelled in employment discrimination suit to produce all documents from January 1, 1990, relating to visits from the Department's Office of Inspector General (OIG) to all passport services offices, as demand for information about visits by the OIG to passport offices all over the United States, irrespective of the reason for the visit, was patently overbroad.

**[13] Federal Civil Procedure** 🔗**1593**
170Ak1593 Most Cited Cases
Department of State would not be compelled in employment discrimination suit to produce all documents to and from regional directors of passport office relating to a broad range of specified personnel matters, as demand for every document pertaining to personnel matters authored by a regional director anywhere in the United States was patently overbroad.

**[14] Federal Civil Procedure** 🔗**1593**
170Ak1593 Most Cited Cases
Department of State would be compelled in employment discrimination suit to produce copies of work products and status reports provided by plaintiff to specified employees from January 1, 1990, to January 1, 2000, over its objections that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268    Page 3

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

request was irrelevant, overbroad, and unduly burdensome, as government would have to provide to plaintiff any document on which it intended to rely to establish the justification for the actions about which plaintiff complained.

**[15] Federal Civil Procedure ☞1593**
170Ak1593 Most Cited Cases
Department of State would not be compelled in employment discrimination suit to produce documents relating to specified employee policies in effect from January 1, 1992 to the present, as demand for documents pertaining to employee policies, irrespective of the topic, was patently overbroad.

**[16] Federal Civil Procedure ☞1593**
170Ak1593 Most Cited Cases
Department of State would not be compelled in employment discrimination suit to produce statistics relating to passport production, staff resources, and work transfers from 1987 to the present, as demand for statistics over a 19-year period was patently overbroad.

**[17] Federal Civil Procedure ☞1593**
170Ak1593 Most Cited Cases
Department of State would not be compelled in employment discrimination suit to produce all correspondence from State Department employees who requested transfers and other specified personnel actions from January 1, 1996, to the present, as demand for all requests for transfers and other personnel actions over a 19-year period, when plaintiff complained about a single transfer, was patently overbroad.

**[18] Federal Civil Procedure ☞1513**
170Ak1513 Most Cited Cases
Department of State would not be compelled to answer interrogatory in employment discrimination suit asking it to describe all incidents of discrimination and identify the individuals who committed them, as it was plaintiff's burden to specify her claim, not the government's.

**[19] Federal Civil Procedure ☞1512**
170Ak1512 Most Cited Cases

Department of State would not be compelled to answer interrogatory in employment discrimination suit asking it, with regard to plaintiff's complaints of discrimination, to identify individuals similarly situated to plaintiff, as it was impossible to state who was similarly situated when plaintiff did not indicate a specific characteristic.

**[20] Federal Civil Procedure ☞1503**
170Ak1503 Most Cited Cases
Department of State would not be compelled to answer interrogatory in employment discrimination suit asking it to indicate whether specified individuals were involved in any litigation and provide detailed information about the lawsuits; lawsuits of any kind would include landlord-tenant, divorces and dog bites, and thus request was patently overbroad.

**[21] Federal Civil Procedure ☞1512**
170Ak1512 Most Cited Cases
Department of State would not be compelled to answer interrogatory in employment discrimination suit asking it to identify all individuals at the GS-14 and GS-15 levels who came or left the Bureau of Consular Affairs, including those who were transferred, from January 1, 1997 to the present, as demand for information about people leaving a government office in a 19-year period for whatever reason was patently overbroad.

**[22] Federal Civil Procedure ☞1503**
170Ak1503 Most Cited Cases
Department of State would not be compelled to answer interrogatory in employment discrimination suit asking it to list all employment-related actions taken with respect to employees of the Seattle Passport Agency and all regional directors from January 1, 1990, to the present, as demand for information about "employee related actions" for a 15-year period when there was no showing that the information bore in any way on plaintiff's case was patently overbroad.

**[23] Federal Civil Procedure ☞1600(3)**
170Ak1600(3) Most Cited Cases
Department of State would not be compelled to answer interrogatory in employment discrimination

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

suit asking it to provide all communications relating to the complaint; demand for all communications pertaining to plaintiff's prolix complaint irrespective of the nature, time and purpose of the communication was patently overbroad in that it would include information protected by work-product privilege.

**[24] Federal Civil Procedure** &#9986;1654
170Ak1654 Most Cited Cases
An employee who seeks compensatory damages for emotional pain suffered as a result of employer's action has placed the existence and extent of his or her alleged mental injury in controversy, giving the employer good cause to seek an independent medical examination. Fed.Rules Civ.Proc., Rule 35(a), 28 U.S.C.A.

**[25] Federal Civil Procedure** &#9986;1654
170Ak1654 Most Cited Cases
Employee who sought damages in employment discrimination suit for emotional distress placed existence and extent of alleged mental injury in controversy, giving employer good cause for an independent medical examination (IME), notwithstanding employee's claim she is only making "garden variety" claim of emotional pain, suffering, inconvenience and mental anguish. Fed.Rules Civ.Proc., Rule 35(a), 28 U.S.C.A.
Renate M. Benham, Princeton, NJ, pro se.

### MEMORANDUM OPINION

JOHN M. FACCIOLA, Magistrate Judge.

*1 This case was referred to me for discovery. Currently pending and ready for resolution are six motions. Each will be considered in turn.

I. *Plaintiff's Motion to Strike Defendant's Defenses for Failure to Provide Discovery, to Compel Defendant's Responsive Answers to Plaintiff's Discovery Demands, and to Extend Plaintiff's Discovery Period, and to Bar Witnesses Not Named in Defendant's 26(a) Discovery and Points and Authorities Thereof [# 43]*

In two memorandum opinions, Judge Kennedy has

set forth the fundamental facts of this case and the procedural history. *See Benham v. Rice,* No. 03-CV-1127, 2005 WL 691871 (D.D.C. March 24, 2005); *Benham v. Powell,* Civ. No. 00-2466 (D.D.C. April 13, 2004). Suffice it to say here that one case, 00-2466, involves plaintiff's being transferred by the State Department, at the risk of losing her job, from Seattle to Washington, D.C. The second, 03-1127, is based on the acts of an Assistant United States Attorney who, while representing the government in 00-2466, faxed a certain document to plaintiff at plaintiff's place of employment.

By this motion, plaintiff seeks to compel the defendant's responses to her discovery requests and to bar them from presenting certain defenses or witnesses. As will now be established, however, plaintiff's discovery requests are nearly all overbroad or otherwise objectionable.

[1][2][3][4][5][6][7][8][9][10][11][12]      [13][14][15][16][17][18][19][20][21][22][23]    Since plaintiff complains about the defendant's responses to nearly every document request she made and every interrogatory she propounded, I have used the following chart to identify plaintiff's request or interrogatory, the government's objection, my ruling, and the reason for it. Futhermore, as noted at the hearing, it is not the court's function to modify plaintiff's demands so that, as revised, they are reasonable and legitimate.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268                                                                    Page 5

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

| # | Summary of Document Request | Summary of Objection | Court's Ruling |
|---|---|---|---|
| 1. | All trial exhibits. | Defendant has not yet decided which exhibits it intends to use but will disclose them once a decision has been made. | Sustained. Under Rule 26(a)(3), defendant must provide plaintiff with certain pretrial disclosures, including a list of the specific exhibits it intends to use at trial. As I explained at the hearing held on plaintiff's motions, she will certainly be provided with a copy of the defendant's exhibits, pursuant to this Rule and to Judge Kennedy's pre-trial order, well in advance of trial. Her demand is therefore premature. |
| 2. | All documents to be used in the defense. | Request is vague and overbroad. Responsive documents are in the ROIs and in the records from the administrative proceedings. | Sustained. See Court's Ruling as to # 1. |
| 3. | All documents provided to consultants or experts who will testify at trial. | Defendant has not employed any experts. | Sustained. Obviously, defendant cannot be compelled to produce anything it gave to experts if it does not intend to call any experts. |
| 4. | All documents generated by consultants or experts that will be used at trial. | Defendant has not employed any consultants or experts . | Sustained. See Court's Ruling as to # 3. |
| 5. | All documents identified in response to | Responsive documents are in the ROIs and in | Sustained. If, as defendant represents, the documents it referred to in its response to |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268                                                                     Page 6

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

| | | |
|---|---|---|
| plaintiff's first set of interrogatories. | the records from the administrative proceedings. | the first set of interrogatories are in these documents, its answer is sufficient. |
| 6.  All documents relating to the incidents alleged in the complaint . | Relevance. Request is vague, overbroad, and unduly burdensome. Responsive documents are in the ROIs. | Sustained. Again, if, as defendant represents, all the documents relating to the incidents alleged in the complaint are in the ROIs, defendant has answered the request. Of course, defendant would be precluded from relying on a document that is not in the ROI if it does not make it available to the plaintiff forthwith. |
| 7.  From 1/1/87-present, all documents relating to complaints made by passport services employees. | Relevance. Request is vague, overbroad, and unduly burdensome. Responsive documents contain information protected by the Privacy Act. | Sustained. As Judge Kennedy indicated, plaintiff was employed by the State Department in 1992 and her transfer occurred in 1995. Memorandum Opinion at 2. The activities of the Assistant United States Attorney about which she complains in 03-1127 occurred in 2002. Complaints made about any topic under the sun five years before she began working for the State Department have nothing to do with her case. |
| 8.  From 1/1/90-present, all documents relating to employment decisions made as to all passport services employees. | Relevance. Request is vague, overbroad, and unduly burdensome. Responsive documents contain information protected by the Privacy Act. | Sustained. On its face, this would call for the production of every piece of paper in every personnel file of any passport office in the United States insofar as that piece of paper related to any employment decision. This request is patently overbroad. |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

| 9. | All documents relating to the employment of all Seattle passport agency employees, including those documents relating to specified employees, from their date of hire to the present. | Relevance. Request is vague, overbroad, and unduly burdensome. Responsive documents contain information protected by the Privacy Act. | Sustained for the same reasons as # 8. Indeed, this one is broader; it requires all documents relating to every employee's employment. |
|---|---|---|---|
| 10. | From 1/1/87-present, all documents relating to grievance information about State Department employees, including documents relating to specified employees. | Relevance. Request is vague, overbroad, and unduly burdensome. Responsive documents contain information protected by the Privacy Act. | Sustained. Again, the request seeks documents created before plaintiff even went to work at the State Department to the present day (19 years later), irrespective of the nature of the grievance. The request is patently overbroad. |
| 11. | From 1/1/87-present, all documents relating to mobility information about all Consular Affairs employees. | Relevance. Request is overbroad and unduly burdensome. Responsive documents contain information protected by the Privacy Act. | Sustained. Again, the period of time for which the documents is sought is 19 years. At the hearing, plaintiff indicated that "mobility agreements" came into existence in 2000 and that the fact that defendants required such agreements (by which an employee agreed to move at the government's discretion) was relevant to her case in that it represented a change of policy. Transcript of hearing of July 10, 2006 at 50-52. But, what little probative value that evidence might have is overwhelmed by the burden it would impose on |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268                                                                                    Page 8

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

the defendants.

--------------------------------------------------------------------------------
12.  From 1/1/87-to          Relevance.          Sustained. Again, information
     present, all            Protected by the    about visits to and
     visit,                  work-product and    investigations of offices
     investigation,          attorney-client     within the State Department for
     and report              privileges.         19 years, for whatever reason,
     information             Request is          has no relevance whatsoever to
     relating to             overbroad and       this case.
     specified offices       unduly
     within the State        burdensome.
     Department.

--------------------------------------------------------------------------------
13.  From                    Relevance. Request  Sustained. The production of all
     1/1/90-present,         is overbroad and    files for employees for a
     all files, kept         unduly              15-year period, irrespective of
     in specified            burdensome.         their content, is patently
     locations,              Responsive          overbroad.
     relating to all         documents
     Passport Agency         contain
     employees.              information
                            protected by the
                            Privacy Act.

--------------------------------------------------------------------------------
14.  From                    Relevance.          Sustained. The production of all
     1/1/87-present,         Protected by the    files in a 19-year period for
     all files for           work-product and    all complaints of workplace
     Consular Affairs        attorney-client     dissatisfaction, irrespective
     employees               privileges.         of the nature or cause of the
     containing              Request is          dissatisfaction, is patently
     complaints of           overbroad and       overbroad.
     workplace               unduly
     dissatisfaction,        burdensome.
     as maintained by        Responsive

     specified offices       documents
     within the State        contain
     Department.             information
                            protected by the
                            Privacy Act.

--------------------------------------------------------------------------------
15.  From                    Request is          Sustained. I will hold the
     1/1/92-present,         overbroad.          government to its
     all documents           Relevant            representation that all
     relating to             documents are in    documents relating to her
     plaintiff's             the ROIs.           transfer are in the ROIs.
     transfer from the       Responsive

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

| | | |
|---|---|---|
| Seattle Passport Agency office, as maintained by specified individuals. | documents contain information protected by the Privacy Act. | |
| 16. From 1/1/90-present, all correspondence between specified managers, supervisors, and employees relating to plaintiff. | Relevance. Request is vague, overbroad, and unduly burdensome. Relevant documents are in the ROIs. | Sustained. All correspondence, irrespective of subject matter, would necessarily require the production of documents that have nothing to do with this case. |
| 17. From 1/1/90-present, all correspondence between specified managers, supervisors, and employees relating to plaintiff. | Request is overbroad and unduly burdensome. Responsive documents contain information protected by the Privacy Act. | Sustained, for the same reason as # 16. |
| 18. From 1/1/87-present, all documents relating to the promotion of all passport office regional directors. | Relevance. Request is overbroad and unduly burdensome. Responsive documents were provided during the administrative process. | Sustained. Again, a request for documents produced in a 19-year period relating to the promotion of every regional director is patently overbroad. While there is a theoretical possibility that plaintiff might compare herself to a regional director who was treated differently, that possibility cannot justify the breadth of the demand she makes. |
| 19. From 1/1/87-present, personal and professional | Request is overbroad and unduly burdensome. | Sustained for the same reason as # 18. |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268                                                                      Page 10

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

| | | |
|---|---|---|
| information relating to all regional directors. | Responsive documents contain information protected by the Privacy Act. | |
| 20. From 1/1/87-present, all documents relating to the supervision of plaintiff. | Request is overbroad and unduly burdensome. Responsive documents are in the ROIs. | Sustained in part. The government represents that all responsive documents are in the Reports of Investigation. I will ask it to make sure that there are no documents "relating to her supervision" in the period from 1992-1995 that are not in the ROIs. If there are, plaintiff must be given them. |
| 21. From 1/1/87-present, all documents relating to allegations of plaintiff's incompetence or insubordination. | Request is overbroad and unduly burdensome. Responsive documents were provided during the administrative process. | Sustained in part. Again, I will hold the government to its representation that there are no other documents relating to her incompetence or insubordination other than the ones given her during the administrative process. If the government finds that there are other such documents, it must give them to plaintiff. |
| 22. From 1/1/90-to present, all correspondence between managers and non-managers about plaintiff. | Request is overbroad and unduly burdensome. | Sustained. All correspondence would by necessity include correspondence that is not relevant to a claim or defense. The request is overbroad. |
| 23. From 1/1/90-present, all documents supporting defendant's claim that plaintiff was not retaliated against. | Request is overbroad and unduly burdensome. Responsive documents are in the ROIs and records of the administrative | Sustained. Again, I will hold the government to its representation that there are no other responsive documents that are not in the ROIs. If there are, I expect the government to give them to plaintiff. |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268

Page 11

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

proceedings.

| # | Request | Objection | Ruling |
|---|---|---|---|
| 24. | From 1/1/87-present, all documents relating to passport services employee complaints. | Relevance. Protected by work-product privilege. Overbroad and unduly burdensome. Responsive documents contain information protected by the Privacy Act. | Sustained. A demand for complaints for a 19-year period, irrespective of the nature of the complaints and the person against whom the complaint was made, is patently overbroad. |
| 25. | From 1/1/90-present, all documents relating to visits from the OIG to all passport services offices. | Request is overbroad and unduly burdensome. Relevance. | Sustained. A demand for information about visits by the Office of Inspector General to passport offices all over the United States, irrespective of the reason for the visit, is patently overbroad. |
| 26. | State Department disciplinary rules and procedures in effect from 1/1/92-present. | Overbroad. Information is available at State Department website. | Overruled. If the information is available on the website for the period in question, 1992-1995, the government will make a printed version available to plaintiff. |
| 27. | All documents in effect from 1/1/95-1/1/98 relating to the authority for plaintiff's transfer. | No objection. These will be provided. | n/a. |
| 28. | All documents to and from regional directors relating to a broad range of | Relevance. Request is overbroad and unduly burdensome. | Sustained. A demand for every document pertaining to personnel matters authored by a regional director anywhere in the United States is patently |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268                                                          Page 12

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

| | | |
|---|---|---|
| specified personnel matters. | | overbroad. |
| 29. From 1/1/90-1/1/00, copies of work products and status reports provided by plaintiff to specified employees. | Relevance. Request is overbroad and unduly burdensome. | Overruled. The government will have to provide to plaintiff any document on which it intends to rely to establish the justification for the actions about which plaintiff complains. |
| 30. Documents relating to a "Three Year Plan" in effect from 1992-1995. | Relevance. Defendant is not aware of such a plan but is still searching. | Sustained. All documents relating to the "Plan" (whatever it is) are not relevant to a claim or defense. |
| 31. Documents relating to specified employee policies in effect from 1/1/92-present. | Request is overbroad. Information is available at State Department website. | Sustained. A demand for documents pertaining to employee policies, irrespective of the topic, is patently overbroad. |
| 32. From 1987-present, statistics relating to passport production, staff resources, and work transfers. | Relevance. Request is overbroad and unduly burdensome. | Sustained. A demand for statistics over a 19-year period is patently overbroad. |
| 33. From 1/1/96-present, all documents relating to plaintiff's request for a compassionate transfer. | Documents relating to plaintiff's transfer have already been turned over. Defendant will supplement the response if needed. | Sustained. Defendant has turned over the relevant documents. |
| 34. From 1/1/96-present, | Relevance. Request is overbroad and | Sustained. A demand for all requests for transfers and |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268                                                                    Page 13

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

| | | |
|---|---|---|
| all correspondence from State Department employees who have requested transfers and other specified personnel actions. | unduly burdensome. Responsive documents contain information protected by the Privacy Act. | other personnel actions over a 19-year period, when plaintiff complains about a single transfer, is patently overbroad. |
| 35. All documents relating to plaintiff's request for a compassionate transfer. | See objections to # 33. | Sustained. See Court's Ruling as to # 33. |
| 36. All documents relating to plaintiff's complaint that have not yet been produced. | Request is overbroad, vague and burdensome. Responsive documents and in the ROIs. | Sustained. I will hold the government to its representation that all records relating to the complaint are in the ROIs. If there are any others, defendant must give them to plaintiff. |

| # Summary of Interrogatory | Summary of Objection | Court's Ruling |
|---|---|---|
| 1(a). Describe all incidents of discrimination and identify the individuals who committed them. | Employment-related decisions were made for legitimate nondiscriminatory reasons. | Sustained. It is plaintiff's burden to specify her claim, not the government's. |
| 1(b). Identify persons with knowledge of the actions or incidents identified in response to 1(a). | Interrogatory is vague, unduly burdensome, and overbroad. Employment-related decisions were made for legitimate nondiscriminatory | Sustained. It appears to me that the government has answered the question. |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

| | | |
|---|---|---|
| | reasons. All persons with knowledge were named in the ROIs, the records of administrative proceedings, and defendant's 26(b)(1) disclosure. | |
| 1(c). Identify documents relating to the actions or incidents identified in response to 1(a). | Interrogatory is vague, unduly burdensome, and overbroad. Employment-related decisions were made for legitimate nondiscriminatory reasons. All persons with knowledge were named in the ROIs and the records of administrative proceedings. | Sustained. Again, I will hold the government to its representation that all pertinent documents are contained in the ROIs and oblige it to produce any others of which it is aware. |
| 1(d). State facts relied upon in support of defense that actions or incidents identified in response to 1(a) were not unlawful. | Interrogatory is vague, unduly burdensome, and overbroad. Employment-related decisions were made for legitimate non-discriminatory reasons. | Sustained in part. As I read the government's response, it has answered this interrogatory by indicating why it made the decision it did. In an abundance of caution, I will require it to state the specific facts upon which it will rely to establish the bases for its legitimate, non-discriminatory reasons. |
| 2. With regard to plaintiff's complaints of discrimination, identify individuals similarly | Interrogatory is vague. No other directors were similarly situated. | Sustained. Since plaintiff does not indicate a specific characteristic, it is impossible to state who is similarly situated to her. |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268                                                                 Page 15

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

```
               situated to
               plaintiff.
    ----------------------------------------------------------------
3.     Indicate whether    Interrogatory is       Sustained. Lawsuits of any
       specified           overbroad and unduly   kind would include
       individuals were    burdensome.            landlord-tenant, divorces
       involved in any     Responsive documents   and dog bites. The
       litigation and      contain information    request is patently

       provide detailed    protected by the       overbroad.
       information about    Privacy Act.
       the lawsuits.
    ----------------------------------------------------------------
4.     Identify lawsuits   Interrogatory is       Sustained for the same
       filed against       overbroad and unduly   reason as # 3.
       specified           burdensome.
       individuals and     Responsive documents
       provide detailed    contain information
       information about   protected by the
       the lawsuits.       Privacy Act.
    ----------------------------------------------------------------
5.     Identify whether    As to requests that    Granted, insofar as I
       any documents       defendant has not      expect the government to
       responsive to       objected to,           finish its investigation
       plaintiff's first   defendant will         into whether any
       document request    attempt to discern     documents were destroyed
       have been           whether responsive     promptly and report its
       destroyed and       documents have been    result to plaintiff.
       explain why they    destroyed.
       were destroyed.

    ----------------------------------------------------------------
6.     Identify all        Protected by the       Sustained. The government
       witnesses           work-product           will be held to the
       including experts   privilege. Witnesses   witnesses it named in its
       and provide         were named in          initial disclosure and
       summaries of        defendant's 26(a)(1)   has represented that it
       their expected      disclosure.            will not be calling any
       testimony.                                 experts. For the
                                                  consequences to the
                                                  government of not
                                                  supplementing its initial
                                                  disclosure with new
                                                  witnesses and documents,
                                                  see Coles v. Perry, No.
                                                  01-CV-732, 2002 WL
                                                  1263979 (D.D.C. June 7,
                                                  2002).
```

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268                                                                              Page 16

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

-------------------------------------------------------------------------------

| 7. | Identify persons with knowledge of facts supporting | Individuals were named in the ROIs, the records of | Sustained. The government has answered this interrogatory. |
|---|---|---|---|
|  | defendant's defense. | administrative proceedings, and defendant's 26(a)(1) disclosure. |  |

-------------------------------------------------------------------------------

| 8. | Identify documents relating to the complaint and indicate whether and under what circumstances they have been destroyed. | Responsive documents were identified in the ROIs and records of administrative proceedings. | Sustained because (a) the government appears to me to have answered this interrogatory and (b) insofar as it demands documents relating to plaintiff's prolix compliant, other than those already appearing in the ROI and the administrative proceedings, it is overbroad. |
|---|---|---|---|

-------------------------------------------------------------------------------

| 9. | Identify individuals who | Responsive documents were identified in | Sustained because, as I read the government's |
|---|---|---|---|
|  | provided written and oral statements relating to the complaint and provide information about those statements. | the ROIs and records of administrative proceedings. | answer, it is stating that the only statements of such people are in the ROIs and records of administrative proceedings and that is a sufficient answer. |

-------------------------------------------------------------------------------

| 10. | Provide information about each expert witness that will testify at trial. | Defendant does not, at this point, intend to call an expert witness. | n/a. |
|---|---|---|---|

-------------------------------------------------------------------------------

| 11. | Identify facts that support the defense. | Responsive facts were identified in the ROIs and records of administrative proceedings. | Sustained in part, with the understanding that (as indicated above) the government will state specifically what facts support its defense that plaintiff's transfer was |
|---|---|---|---|

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

| | | | for a legitimate business reason. |
|---|---|---|---|
| 12. | Provide a description of all allegations of discriminatory behavior made against defendant. | Protected by the work-product privilege. Responsive facts were identified in the ROIs and records of administrative proceedings. | Sustained. The government has no obligation to characterize its own behavior as discriminatory. |
| 13. | Explain why Mary Ryan left the State Department. | Relevance. Ryan retired. Responsive information protected by the Privacy Act. | Sustained. The government, by indicating that Ryan retired, appears to me to have answered the question. |
| 14. | From 1/1/87-present, for all passport offices, provide information about mobility agreements. | Interrogatory is overbroad and unduly burdensome. | Sustained for the reasons stated above in my ruling as to request for production of documents # 11. |
| 15. | From 1/1/87-present, identify all individuals at the GS-14 and GS-15 levels who came or left the Bureau of Consular Affairs, including those who were transferred. | Interrogatory is overbroad and unduly burdensome. | Sustained. A demand for information about people leaving a government office in a 19-year period for whatever reason is patently overbroad. |
| 16. | From 1/1/90-present, list all employment related actions taken with respect to | Interrogatory is overbroad and unduly burdensome. Responsive information protected by the Privacy Act. | Sustained. A demand for information about "employee related actions" for a 15-year period when there is no showing that the information bears in any |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

| | | employees of the Seattle Passport Agency and all regional directors. | | way on plaintiff's case is patently overbroad. |
|---|---|---|---|---|
| 17. | From 1/1/92-present, provide names and other information about all parties involved in plaintiff's transfer. | Responsive information was provided in the ROIs and records of administrative proceedings. | | Sustained, with the understanding that there are no other persons involved in plaintiff's transfer other than those identified in the ROIs and the administrative proceedings. |
| 18. | Describe the "position upgrade management plan." | Defendant will provide a response shortly. | | I expect the government to do so promptly. |
| 19. | Provide all communications relating to the complaint. | Interrogatory is vague, overbroad, and unduly burdensome. Responsive information was provided in the ROIs and records of administrative proceedings. Protected by attorney-client and work-product privileges. | | Sustained. A demand for all communications pertaining to plaintiff's prolix complaint irrespective of the nature, time and purpose of the communication is patently overbroad. |

II. *Plaintiff's Motion to Stay Deposition and Points and Authorities Thereof* [# 47]

**\*2** By this motion, plaintiff seeks to stay her deposition, pending resolution of *Plaintiff's Motion to Strike Defendant's Defenses for Failure to Provide Discovery, to Compel Defendant's Responsive Answers to Plaintiff's Discovery Demands, and to Extend Plaintiff's Discovery Period, and to Bar Witnesses Not Named in Defendant's 26(a) Discovery and Points and Authorities Thereof* [# 43]. I have now resolved that

motion and this motion will therefore be denied as moot. I have ordered some minor supplementation of the government's answers. I expect the government to provide that supplementation as soon as it can. As soon as it does, the government may take plaintiff's deposition.

III. *Defendants' Memorandum of Points and Authorities in Support of Motion for Independent Medical Examination and to Compel Production of Healthcare Records* ("Defs. IME Mot.") [# 53]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

In this motion, defendant first moves to compel plaintiff to submit to an independent medical examination ("IME"), arguing that under Rule 35 of the Federal Rules of Civil Procedure, plaintiff has placed her mental condition in controversy and that there exists good cause for such an examination. Defs. IME Mot. at 3. Defendant also moves to compel the production of certain healthcare records.

In opposing defendant's motion for an independent medical examination and in seeking a protective order, plaintiff argues that her claim of emotional distress is insufficient to compel an independent medical examination or the production of plaintiff's medical records. *Plaintiff's Opposition to Motion for Independent Medical Examination and Plaintiff's Motion for a Protective Order* ("Plains. IME Opp.") at 1. Plaintiff argues that the information is privileged and irrelevant and that she has not placed her medical condition at issue. *Id.* at 2. According to plaintiff, she is only making "garden variety" claims of emotional pain, suffering, inconvenience and mental anguish. *Id.* at 4. Plaintiff further indicates that to the extent she previously made claims of alleged physical and emotional harm, she is now withdrawing them. *Id.*

I recently described at length a movant's burden when seeking an IME under Rule 35(a):

When moving for an IME under Rule 35(a), the movant must establish that the "mental or physical condition ... is in controversy" and that there is "good cause" for the motion to be granted and the party to be submitted for an IME. Fed.R.Civ.P. 35(a). "A plaintiff in a negligence action who asserts a mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder,* 379 U.S. 104, 119, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) (citation omitted). In some situations, the pleadings alone may place the condition in controversy. *Id.*

The standard for "good cause" is not as clear because "what may be good cause for one type of examination may not be so for another." *Id.* The movant's ability to obtain the desired information

by means other than an IME is also relevant to the "good cause" analysis. *Id.* When the submission of a party to an IME is contested, granting the order to submit to the examination is not a matter of right but is left to the sound discretion of the trial court. *Smith v. Koplan,* 215 F.R.D. 11, 12 (D.D.C.2003) (citations omitted).

*\*3* In addition to the "in controversy" and "good cause" requirements, Rule 35(a) demands that the movant "specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed.R.Civ.P. 35(a).

*Doe v. District of Columbia,* 229 F.R.D. 24, 26 (D.D.C.2005).

[24] In *Smith v. Koplan,* I held unequivocally that "an employee who seeks compensatory damages for emotional pain suffered as a result of employer's action has placed the existence and extent of their alleged mental injury in controversy, giving the employer good cause to seek examination." *Id.* at 13 (citing *Shepherd v. Am. Broadcasting Co., Inc.,* 151 F.R.D. 194, 212-13 (D.D.C.1993) and *Gattegno v. Pricewaterhousecoopers, LLP,* 204 F.R.D. 228 (D.Conn.2001)). While I am aware that my views are in the minority, [FN1] for the following reasons I adhere to them nonetheless.

[25] To divide claims, as plaintiff would have me do, between those that only allege "garden variety" emotional distress and those that allege a specific or severe form of emotional distress is no more than a game of semantics and has nothing whatsoever to do with defendant's obligation to show good cause for the ordering of an IME. In other words, no matter what changes plaintiff makes to the wording of her two complaints, the underlying truth remains: plaintiff seeks compensatory damages for the emotional pain she claims to have suffered as a result of defendant's actions. Without the information obtained through a court-ordered IME, defendant would have no means to rebut plaintiff's claims. I cannot fairly deprive defendant of the opportunity to examine plaintiff's claims of emotional distress from a scientific vantage point. In other words, defendant has the right to challenge plaintiff's claim that she was harmed and that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268                                                                                   Page 20

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

defendant was the source of that harm. To preclude defendant from being able to mount its defense in this manner would be to allow plaintiff to unilaterally determine which evidence will and which evidence will not be admissible. The defendant is no more bound by plaintiff's articulation of the issues in this case at it would be in any other case.

Having so concluded, I therefore continue to follow the line of reasoning articulated by those cases that recognize defendants' need to utilize the data obtained from an IME in their defense of claims for compensatory damages for emotional distress. *See Jansen v. Packaging Corp. of America,* 158 F.R.D. 409, 410 (N.D.Ill.1994) ("There is no question that by advancing such intangible harms as a component of her damages claim Jansen has not only placed her mental condition 'in controversy' but has confirmed the existence of 'good cause' for [defendant's] motion ...") (citation omitted); *Smedley v. Capps, Staples, Ward, Hastings and Dodson,* 820 F.Supp. 1227, 1232 (N.D.Cal.1993) (holding that plaintiff's intent to present evidence of "normal" emotional distress warrants the ordering of an IME so that defendants can refute such evidence); *Zabkowicz v. West Bend Co.,* 585 F.Supp. 635 (E.D.Wisc.1984) ("Because the plaintiffs allege emotional distress, an examination by a nominee of the defendants is appropriate.").

IV. *Plaintiff's Motion to Compel Production of Privilege Logs and to Compel Production of Documents for In Camera Inspection and Points and Authorities Thereof* [# 57]

*4 Plaintiff, whether pro se or not, should be more careful in the representations she makes to the court. She stated that the government claims a privilege for "almost every one of its responses to Plaintiff's requests for discovery." *Plaintiff's Motion to Compel Production of Privilege Logs and to Compel Production of Documents for In Camera Inspection and Points and Authorities Thereof* at 2. In fact, the government claimed the work-product and attorney-client privileges in response to Request for Production of Documents 12, 14, and 24. In any event, I have sustained the government's

objections to these two requests and the motion will therefore be denied as moot.

V. *Plaintiff's Opposition to Motion for Independent Medical Examination and Plaintiff's Motion for a Protective Order* [# 60]

For the reasons stated in subsection III, this motion, seeking a protective order against the independent medical examination I am permitting, will be denied.

VI. *Plaintiff's Motion to Amend Claims Relating to Physical and Emotional Harm* [# 61]

This motion will be granted with the understanding that, if granted, it will not be permitted to revive any claim that Judge Kennedy has dismissed.

VII. *Defendant's Motion to Strike, Or, In the Alternative, Reply in Support of Motion for An Independent Medical Examination* [# 64]

This motion, claiming that plaintiff's opposition to the government's motion to compel plaintiff's independent medical examination was filed late, will be denied as moot since I have resolved that motion in the government's favor.

VIII. Defendant's *Motion for Protective Order* [# 73]

This motion will be denied without prejudice because it is unclear at this point whether the defendant, in complying with the order I am now issuing, will have to produce any additional documents subject to the Privacy Act.

IX. *Plaintiff's Motion for Sanctions and Reply to: Defendant's Response to Order to Submit Document for In-Camera Inspection and Defendant's Motion for a Protective Order* [# 75]

This motion, premised on the defendant's not producing privileged documents for my evaluation, will be denied. As the defendant correctly points out, it was appropriate for the defendant to await my ruling on its objection and plaintiff's motion to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268                                                                            Page 21

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

compel before complying with my order because, until I ruled, it was impossible for the defendant to know what documents, if any, it had to produce and which, if any, were privileged. There is therefore nothing in the government's behavior in this case that warrants any sanctions whatsoever. This motion will be denied.

**CONCLUSION**

An Order accompanies this Memorandum Opinion.

**ORDER**

In accordance with the accompanying Memorandum Opinion, the following is, hereby, **ORDERED:**

1. *Plaintiff's Motion to Strike Defendant's Defenses for Failure to Provide Discovery, to Compel Defendant's Responsive Answers to Plaintiff's Discovery Demands, and to Extend Plaintiff's Discovery Period, and to Bar Witnesses Not Named in Defendant's 26(a) Discovery and Points and Authorities Thereof* [# 43] is **GRANTED** in part and **DENIED** in part.

**\*5** 2. *Plaintiff's Motion to Stay Deposition and Points and Authorities Thereof* [# 47] is **DENIED** as moot.

3. *Defendants' Memorandum of Points and Authorities in Support of Motion for Independent Medical Examination and to Compel Production of Healthcare Records* [# 53] is **GRANTED.**

4. *Plaintiff's Motion to Compel Production of Privilege Logs and to Compel Production of Documents for In Camera Inspection and Points and Authorities Thereof* [# 57] is **DENIED** as moot.

5. *Plaintiff's Opposition to Motion for Independent Medical Examination and Plaintiff's Motion for a Protective Order* [# 60] is **DENIED.**

6. *Plaintiff's Motion to Amend Claims Relating to Physical and Emotional Harm* [# 61] is **GRANTED** nunc pro tunc.

7. *Defendant's Motion to Strike, Or, In the*

*Alternative, Reply in Support of Motion for An Independent Medical Examination* [# 64] is **DENIED** as moot.

8. Defendant's *Motion for Protective Order* [# 73] is **DENIED** without prejudice.

9. *Plaintiff's Motion for Sanctions and Reply to: Defendant's Response to Order to Submit Document for In-Camera Inspection and Defendant's Motion for a Protective Order* [# 75] is **DENIED.**

**SO ORDERED.**

> FN1. *See Fox v. The Gates Corp.,* 179 F.R.D. 303, 307 (D.Col.1998) ("The majority of courts, however, will not require a plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is present: (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that her mental condition is 'in controversy' within the meaning of Fed.R.Civ.P. 35(a) .") (citations omitted); *Turner v. Imperial Stores,* 161 F.R.D. 89, 97 (S.D.Cal.1995) ( "This court concludes that 'emotional distress' is not synonymous with the term 'mental injury' as used by the Supreme Court in *Schlagenhauf v. Holder* for purposes of ordering a mental examination of a party under Rule 35(a), and specifically disagrees with those few cases holding that a claim for damages for emotional distress, without more, is sufficient to put mental condition 'in controversy' within the meaning of the Rule. If this were the law, then mental examinations could be ordered whenever a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268                                                                                    Page 22

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

plaintiff claimed emotional distress or mental anguish. Rule 35(a) was not meant to be applied in so broad a fashion.").

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**Motions, Pleadings and Filings (Back to top)**

• 2006 WL 1780850 (Trial Motion, Memorandum and Affidavit) Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Sanctions (May 27, 2006)Original Image of this Document (PDF)

• 2006 WL 1780848 (Trial Motion, Memorandum and Affidavit) Defendant's Opposition to Plaintiff's Motion for Sanctions (May 22, 2006)Original Image of this Document (PDF)

• 2006 WL 1333438 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion for Sanctions and Reply To: Defendant's Response to Order to Submit Document for In-Camera Inspection and Defendant's Motion for a Protective Order (Apr. 25, 2006)Original Image of this Document (PDF)

• 2006 WL 1333439 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion for Sanctions and Reply To: Defendant's Response to Order to Submit Document for in-Camera Inspection And Defendant's Motion For A Protective Order (Apr. 25, 2006)Original Image of this Document (PDF)

• 2006 WL 1333437 (Trial Motion, Memorandum and Affidavit) Defendant's Response to Order to Submit Documents for in Camera Inspection and Privilege Log (Apr. 17, 2006)Original Image of this Document (PDF)

• 2006 WL 1050254 (Trial Motion, Memorandum and Affidavit) Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Amend Claims Relating to Physical and Emotional Harm (Mar. 18, 2006)Original Image of this Document (PDF)

• 2006 WL 1050198 (Trial Motion, Memorandum and Affidavit) Defendant's Response to Plaintiff's Motion to Amend Claims Relating to Physical and Emotional Harm (Mar. 13, 2006)Original Image of this Document (PDF)

• 2006 WL 1050253 (Trial Motion, Memorandum and Affidavit) Defendant's Response to Plaintiff's Motion to Amend Claims Relating to Physical and Emotional Harm (Mar. 13, 2006)Original Image of this Document (PDF)

• 2006 WL 1046704 (Trial Motion, Memorandum and Affidavit) Defendant's Motion to Strike, Or, in the Alternative, Reply in Support of Motion for an Independent Medical Examination (Mar. 3, 2006)Original Image of this Document (PDF)

• 2006 WL 1050197 (Trial Motion, Memorandum and Affidavit) Defendant's Motion to Strike, Or, in the Alternative, Reply in Support of Motion for an Independent Medical Examination (Mar. 3, 2006)Original Image of this Document (PDF)

• 2006 WL 1050251 (Trial Motion, Memorandum and Affidavit) Defendant's Motion to Strike, Or, in the Alternative, Reply in Support of Motion for an Independent Medical Examination (Mar. 3, 2006)Original Image of this Document (PDF)

• 2006 WL 1050252 (Trial Motion, Memorandum and Affidavit) Defendant's Motion to Strike, Or, in the Alternative, Reply in Support of Motion for an Independent Medical Examination (Mar. 3, 2006)Original Image of this Document (PDF)

• 2006 WL 644619 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Motion for Independent Medical Examination and Plaintiff's Motion for a Protective Order (Feb. 21, 2006)Original Image of this Document (PDF)

• 2006 WL 644561 (Trial Motion, Memorandum and Affidavit) Reply by Plaintiff in Response to Opposition to Plaintiff's Motion to Stay Plaintiff's Deposition (Feb. 7, 2006)Original Image of this Document (PDF)

• 2006 WL 644618 (Trial Motion, Memorandum and Affidavit) Reply by Plaintiff in Response to Opposition to Plaintiff's Motion to Stay Plaintiff's Deposition (Feb. 7, 2006)Original Image of this

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 2640268

Page 23

--- F.R.D. ----, 2006 WL 2640268 (D.D.C.)

**(Cite as: 2006 WL 2640268 (D.D.C.))**

Document (PDF)

• 2006 WL 354510 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Points and Authorities in Support of Motion for Independent Medical Examination and to Compel Production of Healthcare Records (Jan. 24, 2006)Original Image of this Document (PDF)

• 2006 WL 354444 (Trial Motion, Memorandum and Affidavit) Defendant's Opposition to Plaintiff's Motion to Stay Plaintiff's Deposition (Jan. 23, 2006)Original Image of this Document (PDF)

• 2006 WL 354509 (Trial Motion, Memorandum and Affidavit) Defendant's Opposition to Plaintiff's Motion to Stay Plaintiff's Deposition (Jan. 23, 2006)Original Image of this Document (PDF)

• 2003 WL 25263604 (Trial Pleading) Amended Complaint for Relief from Discrimination in Employment (2003)Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.