Westlaw.

Slip Copy                                                                                                                    Page 1

Slip Copy, 2006 WL 1442447 (D.D.C.), 98 Fair Empl.Prac.Cas. (BNA) 989
**(Cite as: Slip Copy)**

H
Briefs and Other Related Documents
Moore v. ChertoffD.D.C.,2006.
United States District Court,District of Columbia.
Reginald MOORE et al., Plaintiffs,
v.
Michael CHERTOFF, Defendant.
**Civil Action No. 00-953 (RWR)(DAR).**

May 22, 2006.

Jennifer I. Klar, John Peter Relman, Relman & Associates, PLLC, Deborah L. Boardman, E. Desmond Hogan, Sarah M. Berger, Hogan & Hartson, L.L.P., Washington, DC, for Plaintiffs.
Marina Utgoff Braswell, U.S. Attorneys Office for the District of Columbia, Benton Gregory Peterson, Assistant United States Attorney, Civil Division, Washington, DC, for Defendant.

*MEMORANDUM OPINION AND ORDER*
RICHARD W. ROBERTS, District Judge.
*1 Plaintiffs sued the United States Secret Service in part for emotional distress allegedly caused by racial discrimination in employment. The magistrate judge denied the defendant's motion to compel production of plaintiffs' medical records, finding no basis to compel since plaintiffs do not intend to offer at trial testimony of any health care providers to prove the distress. The defendant has moved for reconsideration of the magistrate judge's ruling. Because the magistrate judge's ruling was contrary to the weight of authority, defendant's motion for reconsideration will be granted.

*BACKGROUND*

Plaintiffs are current and former special agents of the United States Secret Service who filed this employment discrimination action alleging that the Secret Service has engaged in a pattern and practice of racial discrimination against black agents.

Plaintiffs seek to recover damages based on " emotional distress [which] has been manifested in a variety of ways including, but not limited to, psychological trauma and physical symptoms to be proven at trial." (Am. Compl. ¶ 17; *see also* Compl. ¶ 42; Proposed Am. Compl. ¶ 205 March 31, 2005.) Defendant propounded interrogatories requesting that plaintiffs turn over certain medical records.
13. For each plaintiff, identify each doctor and other health care provider, including without limitation any psychiatrists, psychologists, physicians, nurses, therapists, counselors, hospitals, and other health care facilities, who have provided the plaintiff with physical or mental care, treatment, counseling, or consultation during the past ten years.

(Def.'s Mot. to Compel Complete Resps. to Discovery Requests, Ex. 1, Def.'s Second Set of Discovery Requests at 8.) Defendant also requested that plaintiffs "[s]ign and provide fully executed release and consent forms for each and every health care provider plaintiffs identified in the answers to interrogatories." (*Id.,* Ex. 1, Def.'s Second Set of Discovery Requests at 10.) Plaintiffs objected to this discovery request and refused to provide the requested information. (*Id.,* Ex. 3, Plaintiffs' Resps. to Def.'s Interrogatories at 45-46.)

Defendant filed a motion to compel plaintiffs to provide the requested medical records, arguing the records were "plainly relevant" and that defendant was entitled to explore "whether there were any pre-existing conditions, whether there have been other stress factors in their lives, and whether the evidence otherwise supports or contradicts Plaintiffs' damage allegations." (*Id.* at 4-5.) Plaintiffs opposed the motion, arguing that in circumstances where plaintiffs will not offer expert testimony to prove up their claims of emotional distress, a defendant is not entitled to plaintiffs' medical records. (*See* Pls.' Opp'n to Def.'s Mot. to Compel at 5-6.) The magistrate judge, relying on *Sanders v. District of Columbia,* Civil Action No.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy                                                                                                                Page 2

Slip Copy, 2006 WL 1442447 (D.D.C.), 98 Fair Empl.Prac.Cas. (BNA) 989
**(Cite as: Slip Copy)**

97-2938(PLF), 2002 WL 648965 (D.D.C. Apr. 15, 2002), ruled that because "plaintiffs do not intend to offer the testimony of any health care provider at trial[,]" defendant has "no basis upon which to seek discovery of the plaintiffs' medical records." (Pls.' Opp'n to Def .'s Mot. to Compel, Ex. A, Mot. Hr'g Tr. at 53, Dec. 12, 2005.)

*2 Defendant seeks reconsideration of the magistrate judge's ruling pursuant to Local Civil Rule 72.2(b), and plaintiffs oppose the motion, adding as an additional justification for refusing to turn over the medical records that no plaintiffs sought any medical treatment for their alleged injuries. [FN1]

> FN1. Plaintiffs requested leave from the magistrate judge to file a motion advancing this argument. It is unclear from the parties' submissions whether the magistrate judge granted plaintiffs leave to file the motion or considered this argument.

*DISCUSSION*

"A party may invoke Federal Rule 72(a) and Local Rule 72.2 to seek reconsideration of a magistrate judge's determination in a discovery dispute" in the district court. *Neuder v. Battelle Pac. Nw. Nat'l Lab.,* 194 F.R.D. 289, 292 (D.D.C.2000). The district court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also* LCvR 72.2(c) ("[A] judge may modify or set aside any portion of a magistrate judge's order under this rule found to be clearly erroneous or contrary to law.").

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense...." Fed.R.Civ.P. 26(b)(1). Discovery rules "are to be accorded a broad and liberal treatment." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). " When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 470-71 (N.D.Tex.2005) (quoting *Scott v. Leavenworth Unified School Dist. No. 453,* 190 F.R.D. 583, 585 (D.Kan.1999)).

Where a plaintiff alleges emotional distress, a defendant is entitled to explore whether causes unrelated to the alleged wrong contributed to plaintiff's claimed emotional distress, and a defendant may propound discovery of any relevant medical records of plaintiff in an effort to do so. *See, e.g., Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir.2000) ("[H]er claims [of extreme emotional distress] against [defendant] placed her medical condition at issue, making the [medical records] sought by [defendant] relevant, and absent a showing of bad faith, discoverable."); *Merrill,* 227 F.R.D. at 473 ("[S]everal courts have found that medical records are relevant to claims of mental anguish in discrimination cases."); *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 657, 659 (D.Kan.2004) ("Generally, discovery requests seeking an employment discrimination plaintiff's medical and psychological records are held to be relevant as to both causation and the extent of plaintiff's alleged injuries and damages if plaintiff claims damages for emotional pain, suffering, and mental anguish."); *Jensen v. Astrazeneca LP,* No. Civ. 02-4844, 2004 WL 2066837, at *4 (D.Minn. Aug. 30, 2004) ("[S]ome of plaintiff's medical records may be relevant and discoverable to the extent that they may shed light on other contributing causes of plaintiff's claims of emotional distress."); *Walker v. Northwest Airlines Corp.,* No. Civ. 00-2604, 2002 WL 32539635, at *3 (D.Minn. Oct. 28, 2002) ("[Plaintiff's] medical records may be ... relevant if they shed light on other contributing causes of Plaintiff's emotional distress claims."); *Fox v. Gates Corp.,* 179 F.R.D. 303, 306-07 (D.Colo.1998) (holding that the defendant was entitled to discovery of any medical and psychotherapy records during the time of plaintiff's claimed emotional distress); *Sidor v. Reno,* No. 95 Civ. 9588, 1998 WL 164823, at *2 (S.D.N.Y. Apr.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                               Page 3

Slip Copy, 2006 WL 1442447 (D.D.C.), 98 Fair Empl.Prac.Cas. (BNA) 989
**(Cite as: Slip Copy)**

7, 1998) ("Defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related."); *EEOC v. Danka Indus., Inc.,* 990 F.Supp. 1138, 1141-42 (E.D.Mo.1997) ("[T]he Court finds that the medical records are discoverable to determine whether the plaintiff-intervenors' past medical history contributed to their claimed emotional distress ."). This is so, notwithstanding the fact that a plaintiff might not offer any expert testimony in order to prove up claims of emotional distress. *See Garrett v. Sprint PCS,* No. 00-2583-KHV, 2002 WL 181364, at *2 (D.Kan. Jan. 31, 2002) ("The fact that Plaintiff is not planning to present any expert testimony in support of her emotional distress claim does not make this information any less relevant."); *Walker,* 2002 WL 32539635, at *3 ("[R]egardless of whether Plaintiff intends to introduce his medical records or offer medical testimony to prove his alleged emotional distress, [Defendant] is entitled to determine whether Plaintiff's relevant medical history indicates that his alleged emotional distress was caused in part by events and circumstances independent of [Defendant's] allegedly adverse employment action."); *Sidor,* 1998 WL 164823, at *2.

*3 Here, plaintiffs allege emotional distress manifested in psychological trauma and physical symptoms. The defendant, then, may properly seek discovery of plaintiffs' relevant medical records. Relying on *Sanders,* plaintiffs argue that because they will not offer expert testimony at trial, their medical records are irrelevant. That assertion is a non sequitur. In *Sanders,* plaintiffs alleged emotional distress, and defendants sought discovery of plaintiffs' medical records "relating to 'past or present physical condition and treatment.' " *Sanders,* 2002 WL 648965, at *5. The magistrate judge in *Sanders* held, and the district court agreed, that medical records requested by the defendant were not discoverable "given counsel's statement that plaintiffs 'will not offer the testimony of any health care professional and will not offer any expert testimony on their mental, emotional or physical condition." *Id.* However, *Sanders* contains no discussion of the defendant seeking, as the defendant does here, the medical records to explore whether factors other than the alleged employment discrimination caused plaintiff's alleged injuries. It is not clear, then, that *Sanders* stands for the proposition that a defendant may not obtain through discovery a plaintiff's medical records for the purpose of identifying potential alternative causes of claimed emotional distress solely because plaintiff will not offer expert testimony.[FN2] Review of plaintiffs' medical records could lead to the discovery of facts not related to employment discrimination that contributed to plaintiffs' alleged injuries. Whether plaintiffs intend to prove their damages claims with expert testimony has no bearing on the relevance of plaintiffs' medical records, or their ability to establish potential alternative causes for plaintiffs' symptoms.[FN3] Plaintiffs may not withhold from the defendant as irrelevant medical records that could be probative of potential causes contributing to plaintiffs' alleged injuries. Because the magistrate judge's ruling was contrary to the weight of authority, defendant's motion for reconsideration will be granted.[FN4]

> FN2. To the extent that *Sanders* does stand for that proposition, I part company with its holding.
>
> FN3. Plaintiffs also cite *Burrell v. Crown Cent. Petroleum,* 177 F.R.D. 376, 384 (E.D.Tex.1997). However, that case dealt with mandatory disclosures under Rule 26(a)(1)(B), not "discovery regarding any matter, not privileged, that is relevant" under Rule 26(b)(1). *See Merrill,* 227 F.R.D. at 473 (holding *Burrell* inapplicable to a discovery request for medical records under Rule 26(b)(1)).
>
> FN4. Plaintiffs, citing *Broderick v. Shad,* 117 F.R.D. 306, 309 (D.D.C.1987), argue in a footnote that an additional reason they should not have to turn over their medical records is that no plaintiffs sought any medical treatment for their alleged injuries. (Pls.' Opp'n to Def.'s Mot. for Reconsideration at 6 n. 6.) *Broderick* held that a plaintiff's medical records were

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                           Page 4

Slip Copy, 2006 WL 1442447 (D.D.C.), 98 Fair Empl.Prac.Cas. (BNA) 989
**(Cite as: Slip Copy)**

irrelevant where the plaintiff offered a sworn statement that she had not sought or received medical treatment for the injuries alleged and that no relevant medical records existed. 117 F.R.D. at 309. However, that case has no force here since plaintiffs have not asserted that no medical records relevant to potential alternative causes exist.

*CONCLUSION AND ORDER*

Having claimed emotional distress, plaintiffs may not shield discovery of their medical records by vowing to forego at trial testimony of medical providers or experts. Accordingly, it is hereby

ORDERED that defendant's motion [267] for reconsideration be, and hereby is, GRANTED. The magistrate judge's Order of December 12, 2005 denying defendant's motion [197] to compel is set aside, and defendant's motion to compel is remanded for further proceedings consistent with this Memorandum Opinion.

D.D.C.,2006.
Moore v. Chertoff
Slip Copy, 2006 WL 1442447 (D.D.C.), 98 Fair Empl.Prac.Cas. (BNA) 989

Briefs and Other Related Documents (Back to top)

• 2006 WL 644552 (Trial Motion, Memorandum and Affidavit) Reply to Plaintiffs' Opposition to Defendant's Motion for Reconsideration of the Magistrate Judge's Ruling at Docket No. 275 (Feb. 27, 2006) Original Image of this Document (PDF)
• 2006 WL 644553 (Trial Motion, Memorandum and Affidavit) Defendant's Response to Plaintiffs' Motion for Time to Complete Follow-Up Discovery on Documents Ordered Produced in Response to Plaintiffs' Motions to Compel (Feb. 27, 2006) Original Image of this Document (PDF)
• 2006 WL 644550 (Trial Motion, Memorandum and Affidavit) Defendant's Sur-Reply in Opposition to Plaintiffs' Motion to Amend and Supplement Complaint (Feb. 23, 2006) Original Image of this Document (PDF)
• 2006 WL 644551 (Trial Motion, Memorandum and Affidavit) Supplemental Memorandum in Support of Plaintiffs' Motion to Amend and Supplement Complaint (Feb. 23, 2006) Original Image of this Document (PDF)
• 2006 WL 644549 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply in Support of Motion for Clarification on Plaintiffs' Pending Non-Promotion Claims (Feb. 20, 2006) Original Image of this Document (PDF)
• 2006 WL 644546 (Trial Motion, Memorandum and Affidavit) Defendant's Motion for Reconsideration of the Magistrate Judge's Order Denying Defendant's Motion for Enlargement of Time (Docket No. 282) (Feb. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 644547 (Trial Motion, Memorandum and Affidavit) Defendant's Opposition to Plaintiffs' Motion for Clarification on Plaintiffs' Pending Non-Promotion Claims (Feb. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 644548 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendants' Motion for Reconsideration of the Magistrate Judge's Ruling at Docket No. 275 Granting Plaintiffs' Motion to Compel Discovery Relating to Plaintiffs' Merit Promotion Plan Scores and Motion for Fees and Costs (Feb. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 644545 (Trial Motion, Memorandum and Affidavit) Motion for Reconsideration of Magistrate Judge's Ruling Ar Docket No. 275 (Feb. 3, 2006) Original Image of this Document (PDF)
• 2006 WL 354434 (Trial Motion, Memorandum and Affidavit) Reply in Support of Plaintiffs' Motion to Reconsider a Portion of Magistrate's Order on Plaintiffs' Motion to Compel Discovery Relating to Reasons for Plaintiffs' Non-Selection for Promotion (Jan. 27, 2006) Original Image of this Document (PDF)
• 2006 WL 354433 (Trial Motion, Memorandum and Affidavit) U.S. Department of Treasury's and U.S. Department of Homeland Security's Reply Memorandum in Support of Motion for Reconsideration and Motion in Limine (Jan. 23, 2006) Original Image of this Document (PDF)
• 2006 WL 354430 (Trial Motion, Memorandum and Affidavit) Defendant's Response to Plaintiffs' Motion to Reconsider A Portion of Magistrate's Order on Plaintiffs' Motion to Compel Discovery

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 5

Slip Copy, 2006 WL 1442447 (D.D.C.), 98 Fair Empl.Prac.Cas. (BNA) 989
**(Cite as: Slip Copy)**

Relating to Reasons for Plaintiffs' Non-Selection for Promotion (Jan. 10, 2006) Original Image of this Document (PDF)
• 2006 WL 354431 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendants' Motion for Reconsideration of Magistrate Judge's Rulings Regarding the Deposition of Sherryl Michaelson (Jan. 10, 2006) Original Image of this Document (PDF)
• 2006 WL 354432 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendants' Motion for Reconsideration of the Magistrate Judge's Order Denying Defendants' Motion to Compel Access to Plaintiffs' Medical Records (Jan. 10, 2006) Original Image of this Document (PDF)
• 2005 WL 2900314 (Trial Motion, Memorandum and Affidavit) Reply in Support of Plaintiffs' Motion to Compel Discovery Related to the Good Ol' Boy Roundups (Sep. 9, 2005) Original Image of this Document (PDF)
• 2005 WL 2452915 (Trial Motion, Memorandum and Affidavit) Reply in Support of Plaintiffs' Motion to Compel Answers to Requests for Admission Relating to Gender and Motion for Fees and Costs (Aug. 30, 2005) Original Image of this Document (PDF)
• 2005 WL 2452916 (Trial Motion, Memorandum and Affidavit) Reply in Support of Plaintiffs' Motion to Compel Production of Personnel Files (Aug. 30, 2005) Original Image of this Document (PDF)
• 2005 WL 2452917 (Trial Motion, Memorandum and Affidavit) Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion to Compel Complete Responses to Defendant's Discovery (Aug. 30, 2005) Original Image of this Document (PDF)
• 2005 WL 2452918 (Trial Motion, Memorandum and Affidavit) Corrected Reply in Support of Plaintiffs' Motion to Compel Production of Personnel Files (Aug. 30, 2005) Original Image of this Document (PDF)
• 2005 WL 2452914 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to U.S. Department of Treasury's and U.S. Department of Homeland Security's Motion for Reconsideration and Motion in Limine (Aug. 23, 2005) Original Image of this Document (PDF)
• 2005 WL 2452913 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendants' Motion to Compel Complete Responses to Defendants' Discovery (Aug. 12, 2005) Original Image of this Document (PDF)
• 2005 WL 2095824 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion to Compel Production of NFC Database and Other Responsive Documents (Aug. 1, 2005) Original Image of this Document (PDF)
• 2005 WL 2095826 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion to Compel (Aug. 1, 2005) Original Image of this Document (PDF)
• 2005 WL 2095823 (Trial Motion, Memorandum and Affidavit) Defendant's Motion to Compel Complete Responses to Defendant's Discovery Requests and Memorandum of Points and Authorities in Support (Jul. 29, 2005) Original Image of this Document (PDF)
• 2005 WL 2095822 (Trial Motion, Memorandum and Affidavit) Defendant's Response to Plaintiffs' Motion to Compel the Deposition of Special Agent Todd Bagby and Motion for Fees and Costs (Jul. 28, 2005) Original Image of this Document (PDF)
• 2005 WL 2095821 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion to Compel Production of Personnel Files (Jul. 27, 2005) Original Image of this Document (PDF)
• 2005 WL 2095819 (Trial Motion, Memorandum and Affidavit) Motion to Compel Answers to Requests for Admission Relating to Gender and Motion for Fees and Costs (Jul. 26, 2005) Original Image of this Document (PDF)
• 2005 WL 2095820 (Trial Motion, Memorandum and Affidavit) U.S. Department of Treasury's and U.S. Department of Homeland Security's Motion for Reconsideration and Motion in Limine (Jul. 26, 2005) Original Image of this Document (PDF)
• 2005 WL 2095818 (Trial Motion, Memorandum and Affidavit) Reply in Support of Plaintiffs' Motion to Compel Discovery Relating to Plaintiffs' Merit Promotion Plan Scores and Motion for Fees and Costs (Jul. 25, 2005) Original Image of this Document (PDF)
• 2005 WL 2095812 (Trial Motion, Memorandum and Affidavit) Defendant's Reply to Plaintiffs' Opposition to Its Motion to Quash (Jul. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 2095816 (Trial Motion, Memorandum and Affidavit) Motion to Compel Deposition

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 6
Slip Copy, 2006 WL 1442447 (D.D.C.), 98 Fair Empl.Prac.Cas. (BNA) 989
**(Cite as: Slip Copy)**

Testimony of Special Agent Todd Bagby and Motion for Fees and Costs (Jul. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 2095817 (Trial Motion, Memorandum and Affidavit) Reply in Support of Motion to Compel Discovery Relating to Reasons for Plaintiffs' Non-Selection for Promotion and Motion for Fees and Costs (Jul. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 2095815 (Trial Motion, Memorandum and Affidavit) Defendant's Response to Plaintiffs' ""Motion to Compel Discovery Relating to Plaintiffs' Merit Promotion Plan Scores" (Jul. 14, 2005) Original Image of this Document (PDF)
• 2005 WL 2095814 (Trial Motion, Memorandum and Affidavit) Defendant's Response to ""Plaintiffs' Motion to Compel Defendants to Conduct A Thorough Search of Electronic Mail Accounts for Responsive Documents" (Jul. 13, 2005) Original Image of this Document (PDF)
• 2005 WL 2095811 (Trial Motion, Memorandum and Affidavit) Defendant's Response to Plaintiffs' ""Motion to Compel Discovery Relating to Reasons for Plaintiffs' Non-Selection for Promotion and Motion for Fees and Costs" (Jul. 7, 2005) Original Image of this Document (PDF)
• 2005 WL 2095813 (Trial Motion, Memorandum and Affidavit) Defendant's Reply to Plaintiffs' Opposition to Motion for Protective Order (Jul. 3, 2005) Original Image of this Document (PDF)
• 2005 WL 2095825 (Trial Motion, Memorandum and Affidavit) Defendant's Supplemental Response to Plaintiffs' ""Motion to Compel Discovery Relating to Reasons for Plaintiffs' Non-Selection for Promotion and Motion for Fees and Costs" (2005) Original Image of this Document (PDF)
• 1:00cv00953 (Docket) (May 3, 2000)
• 2000 WL 34541540 (Trial Motion, Memorandum and Affidavit) Defendant's Response to pPaintiffs' Motion to Compel Answers to Requests for Admission Relating to Gender and Motion for Fees and Costs (2000) Original Image of this Document (PDF)
• 2000 WL 34541541 (Trial Motion, Memorandum and Affidavit) Defendant's Response to Plaintiffs' Motion to Compel Production of Personnel Files (2000) Original Image of this Document (PDF)
• 2000 WL 34541542 (Trial Motion, Memorandum and Affidavit) Defendant's Opposition to Plaintiffs' Motion to Compel Production of NFC Database and other Responsive Documents (2000) Original Image of this Document (PDF)
• 2000 WL 34541543 (Trial Motion, Memorandum and Affidavit) defendant's Opposition to Plaintiffs' Motion to Compel Certain Discovery Related to the Good OL' Boy Roundup (2000) Original Image of this Document (PDF)
• 2000 WL 34541544 (Trial Motion, Memorandum and Affidavit) Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion to Strike Plaintiffs' Expert Reports (2000) Original Image of this Document (PDF)
• 2000 WL 34541545 (Trial Motion, Memorandum and Affidavit) U.S. Department of Treasury's and U.S. Department of Homeland Security's Reply Memorandum in Support of Motion for Reconsideration and Motion in Limine (2000) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.