Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2004 WL 2066837 (D.Minn.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Jensen v. Astrazeneca LP.D.Minn.,2004.Only the Westlaw citation is currently available.
United States District Court,D. Minnesota.
Pamela JENSEN, Plaintiff,
v.
ASTRAZENECA LP, Defendant.
**No. Civ.02-4844 JRT/FLN.**

Aug. 30, 2004.

John A. Klassen, Klassen Law Office, Minneapolis, MN, for plaintiff.
Mary E. Stumo and John T. McBroom, Faegre & Benson LLP, Minneapolis, MN, for defendant.

MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE MAGISTRATE JUDGE
TUNHEIM, J.
*1 Plaintiff Pamela Jensen ("plaintiff") filed suit against her former employer, AstraZeneca LP ("defendant"), alleging violation of Title VII of the Civil Rights Act of 1964, as amended, the Minnesota Human Rights Act, and the Minnesota Whistleblower Act. Plaintiff and defendant each filed motions to compel discovery, which were addressed by United States Magistrate Judge Franklin Noel in an Order dated December 23, 2003. Defendant appeals portions of the Magistrate Judge's order granting in part and denying in part plaintiff's motion and granting in part and denying in part defendant's motion. For the following reasons, the Court affirms the order of the Magistrate Judge.

BACKGROUND

Plaintiff was employed by defendant for over eleven years, most recently as a District Sales Manager. Plaintiff alleges that she was instructed on several occasions by her manager to falsify company business and marketing data. Believing the instruction to be unlawful and in violation of company policy, plaintiff refused to comply. As a result, plaintiff contends, she was subjected to harassment and other retaliatory behavior by her superiors. Plaintiff also maintains that she was discriminated against on the basis of her gender.

Due to the stress of the harassment and retaliation, plaintiff was forced to take a medical leave of absence in March 2002. According to plaintiff, her health care providers recommended that she not return to work under the same supervisor. Plaintiff notified defendant of this recommendation and, while still on leave, applied for and requested transfer to other positions in the company. Plaintiff was denied a transfer. Plaintiff filed a formal complaint of harassment and discrimination against her supervisor, contending that the company did not similarly deny males assistance. Her complaint was denied, and plaintiff was instructed to return to work under her previous supervisor in September 2002.

Plaintiff maintains that in retaliation for her opposition to the unlawful directives and for her opposition to her supervisor's and the company's discriminatory actions, defendant refused to permit plaintiff transfer, reassignment or other accommodation with the intent to force plaintiff to quit her job. Plaintiff asserts that she was constructively discharged, or forced to resign, on October 21, 2002. Shortly thereafter, she commenced this action.

Plaintiff filed a motion to compel discovery and to extend the discovery period, which the Magistrate Judge granted in part and denied in part. Specifically, and as is relevant to this appeal, the Magistrate Judge granted plaintiff's motion to compel defendant to respond to plaintiff's document request 2. Defendant filed a motion to compel discovery, to extend the plaintiff's deposition, and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                                         Page 2
Not Reported in F.Supp.2d, 2004 WL 2066837 (D.Minn.)
**(Cite as: Not Reported in F.Supp.2d)**

to extend deadlines, which the Magistrate Judge also granted in part and denied in part. In pertinent part, the Magistrate Judge denied defendant's motion to compel discovery of plaintiff's medical history and denied defendant's motion to extend plaintiff's deposition. Defendant appeals each of the above determinations.[FN1]

> FN1. Defendant has also requested that the Court strike plaintiff's affidavit submitted in support of plaintiff's opposition to defendant's motion. The Court makes the following determination without reference to plaintiff's affidavit, and thus need not decide whether the affidavit is admissible. The Court therefore denies defendant's request as moot.

### I. Standard of Review

**\*2** The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is extremely deferential. *Reko v. Creative Promotions, Inc.,* 70 F.Supp.2d 1005, 1007 (D.Minn.1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); D. Minn. LR 72.1(b)(2).

### II. Plaintiff's Motion

The Magistrate Judge granted plaintiff's motion to compel defendant to respond to plaintiff's document request number 2, which seeks
[a]ll documents and things that relate or pertain to any complaint, claim, charge, administrative proceeding, and/or lawsuit or litigation alleging harassment, discrimination and/or retaliation, of any type or kind, including whistleblower claims, involving defendant, in any jurisdiction in the United States, including the investigation of such claims and the resolution of such claims, for the period from January 1, 1998 until the present date.

Defendant contends that this request is so broad that the Magistrate Judge's order granting it is clearly erroneous and contrary to law. Specifically, defendant argues that the order does not adequately limit discovery to the protected class at issue, the nature of the adverse employment action alleged in this case, the facility in which plaintiff worked, or the alleged wrongdoer(s). Plaintiff argues that these records should be produced because they are relevant to her claim for punitive damages and to demonstrating pretext on her individual discrimination claims.

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Information sought in discovery need not be admissible at trial, so long as it appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). However, the Court can limit discovery in appropriate circumstances, such as if the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2).

The scope of permissible discovery in discrimination cases is broad. *Burns v. Hy-Vee, Inc.,* 2002 WL 31718432, at \*2 (D.Minn.2002) (citations omitted). However, discovery of information related to prior claims of discrimination is properly limited to the employment practices and classes at issue in the particular case, the facility and people implicated in the allegations, and to a reasonable time period around the alleged discriminatory action. *Id.* Plaintiff contends that multiple members of defendant's management, working at different facilities, discriminated against her. Plaintiff has limited the time frame of the requested information to claims dating only to 1998. The Court agrees that the information plaintiff requested is relevant to establishing the appropriateness of punitive damages. *See Phillip v. ANR Freight Sys., Inc.,* 945 F.2d 1054, 1056 (8th Cir.1991) (citation omitted). Additionally, as plaintiff noted, broad information from which statistical data can be drawn is relevant to a showing of pretext. *Cardenas v. The Prudential Ins. Co. of America,* 2003 WL 244640, at \*2 (D.Minn.2003) (citations omitted).

**\*3** Defendant relies on a number of Eighth Circuit

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 3

Not Reported in F.Supp.2d, 2004 WL 2066837 (D.Minn.)
**(Cite as: Not Reported in F.Supp.2d)**

cases discussing what evidence is admissible in a discrimination case. The Court finds that these cases do not support defendant's argument. As noted above, discovery need not be limited to admissible evidence. Rather, the Rules of Civil Procedure explicitly permit discovery of information reasonably calculated to lead to the discovery of admissible evidence, whether ultimately admissible or not. Further, defendant has not indicated to the Court that complying with plaintiff's discovery request would be unduly burdensome or expensive.

Upon review of the parties' submissions, and in light of the above discussion, the Court is not left " with the definite and firm conviction that a mistake has been committed." *Chakeles v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir.1996). The Court therefore finds that the Magistrate Judge's Order was neither clearly erroneous nor contrary to law, and the Court affirms the Magistrate Judge's Order on this point.

### III. Defendant's Motion

The Magistrate Judge also denied defendant's motion to extend plaintiff's deposition by another seven hours and to compel discovery of plaintiff's medical records. The Court will address each issue in turn.

#### A. Extension of Plaintiff's Deposition

Rule 30(d)(2) of the Federal Rules of Civil Procedure provides a "one day of seven hours" limit for the deposition of witnesses. Fed.R.Civ.P. 30(d)(2). However, Rule 30(d)(2) directs the Court to grant additional time if "needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." *Id.* Examples of grounds for granting an extension include whether a witness requires an interpreter, the examination covers events occurring over a long period of time or extensive documents, if multiple parties are deposed, or if someone impedes or delays the examination. *See* Fed.R.Civ.P. 30(d) advisory committee note. The "party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed.R.Civ.P. 30(d) advisory committee note.

In this case, defendant has not demonstrated to the Court that additional deposition time is necessary. Defendant alludes to voluminous documents and multiple claims, but provides no detail showing that such documents and claims were not previously known, could not have been incorporated into the at least eleven $^{FN2}$ hours of deposition already taken, or that further questioning on these documents and claims is reasonably calculated to lead to the discovery of admissible evidence.

> FN2. Plaintiff asserts that 18 hours of deposition have been taken; defendant contends that 11 1/2 hours have occurred.

Although defendant asserts that plaintiff unnecessarily drew out her review of documents and answers to questions, defendant has not provided the Court with the deposition transcript or any other support for this statement. Additionally, defendant has already, by agreement of the parties, deposed plaintiff for more than the seven hours permitted by the rule. Aside from asserting that it has not been able to elicit all of the information it wished to get to, defendant has given the Court no indication that this failure cannot be blamed on inadequate time management.

*4 After hearing oral argument and reviewing the parties' submissions, the Magistrate Judge concluded that additional time for plaintiff's deposition was not required. On the record defendant has provided, the Court cannot say that this determination is clearly erroneous or contrary to law. Even if this Court would reach a different conclusion upon a de novo review of the evidence, it would not change the Court's conclusion that the Magistrate Judge's Order was not clearly erroneous or contrary to law. The Court therefore finds no showing of good cause for further deposition of plaintiff, and finds that the Magistrate Judge's ruling was not clearly erroneous or contrary to law under

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 4
Not Reported in F.Supp.2d, 2004 WL 2066837 (D.Minn.)
**(Cite as: Not Reported in F.Supp.2d)**

Rule 30(d)(2).

B. Production of Plaintiff's Medical Records

Defendant requested authorizations permitting disclosure of plaintiff's medical records. Defendant has been permitted discovery of plaintiff's medical records from January 1, 1998 to the present, but argues that it needs access to all of plaintiff's records in order to demonstrate that plaintiff's alleged emotional distress is attributable to outside physical or mental causes. Plaintiff contends that this additional discovery of her medical records is irrelevant and an undue invasion of her privacy.

As noted above, information is generally discoverable if it is reasonably calculated to lead to admissible, *relevant* information. Fed.R.Civ.P. 26(b) (emphasis added). This Court agrees, as did the Magistrate Judge, that some of plaintiff's medical records may be relevant and discoverable to the extent that they may shed light on other contributing causes of plaintiff's claims of emotional distress. *See Walker v. Northwest Airlines Corporations,* 2002 WL 32539635, at *3-5 (D.Minn.2002) (discussing discovery of medical records). In denying defendant's motion to compel production of additional earlier medical records, the Magistrate Judge at least implicitly determined that such additional evidence would not lead to relevant information.

Defendant has cited a number of cases in which the court has permitted broader discovery of medical records than the Magistrate Judge permitted in this case. However, other courts have found limits similar to those imposed in this case to be appropriate. *See, e.g., Walker,* at *5 (limiting discovery to mental and emotional health treatment records); *Manessis v. New York City Dep't of Transp.,* 2002 WL 31115032, at *2 (S.D.N.Y.2002) (limiting discovery and noting that a claim of emotional distress is not "a license to rummage through all aspects of the plaintiff's life in search of a possible source of stress or distress" (quotation omitted)); *Garrett v. Sprint PCS,* 2002 WL 181364, at *3 (D.Kan.2002) (finding three year range of discovery appropriate); *Doe v. City of Chula Vista,* 196 F.R.D. 562, 570 (S.D. Cal.1999) (restricting discovery to 5 years of records and directing that all records be submitted in the first instance to court for in camera review as to relevance).

*5 As was previously discussed in this opinion, this Court's review is limited to whether the Magistrate Judge's decision was clearly erroneous. In light of the clear precedent in support of the Magistrate Judge's decision, the Court cannot say that the Order was either clearly erroneous or contrary to law. The Court therefore affirms the Magistrate Judge's order on this point.

ORDER

Based on the foregoing, all the records, files, and proceedings herein, IT IS HEREBY ORDERED that the Magistrate Judge's Order [Docket No. 31] is AFFIRMED.

IT IS FURTHER ORDERED that defendant's Request to Strike Plaintiff's Affidavit [Docket No. 40] is DENIED AS MOOT.

D.Minn.,2004.
Jensen v. Astrazeneca LP.
Not Reported in F.Supp.2d, 2004 WL 2066837 (D.Minn.)

Briefs and Other Related Documents (Back to top)

• 0:02cv04844 (Docket) (Dec. 19, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.