**Westlaw.**

Not Reported in F.Supp.2d                                                                                                                          Page 1

Not Reported in F.Supp.2d, 2002 WL 32539635 (D.Minn.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Briefs and Other Related Documents
Walker v. Northwest Airlines Corp.D.Minn.,2002.Only the Westlaw citation is currently available.
United States District Court,D. Minnesota.
George A. WALKER, Plaintiff,
v.
NORTHWEST AIRLINES CORPORATION; Northwest Airlines, Inc.; and Richard Vandermolen, Defendants.
**No. Civ.00-2604 MJD/JGL.**

Filed Nov. 29, 2000.
Oct. 28, 2002.

represented by Todd M Roen, BlueDog Olson & Small, Bloomington, MN, Lead Attorney, Attorney to be Noticed, for George E Walker, Caption amended to reflect pltf's correct middle initial; namely, George E. Walker in place of George A. Walker pursuant to Chief Mag. Judge Lebedoff's stipulation and order filed 12/30/02 [60], Plaintiff.
represented by Sandra L Jezierski, Tracy J Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, Mpls, MN, Lead Attorney, Attorney to be Noticed, for Northwest Airlines Corporation, Defendant.
represented by Sandra L Jezierski, Tracy J Van Steenburgh, (See above for address), Lead Attorney, Attorney to be Noticed, for Northwest Airlines, Inc., Defendant.
Sandra L. Conroy, on behalf of Defendants.

ORDER
LEBEDOFF, Chief Magistrate J.
*1 The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on October 16, 2002 on Defendant Northwest Airline's Motion for Order to Show Cause (Doc. Nos. 41 & 42.) and Motion to Compel. (Doc. Nos. 41 & 42.) The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

I. INTRODUCTION

This is an employment discrimination case. Plaintiff claims that he was terminated from his job because of race discrimination. Defendant Northwest Airlines ("Northwest") claims that Plaintiff was fired for cause. The instant motion arises from Plaintiff's alleged failure to comply with the pretrial scheduling order and to provide executed authorizations for the release of tax, employment, and medical records. The Court will address each of Northwest's requests separately.

II. DISCUSSION

A. *Defendant's Motion for Order to Show Cause*

Northwest moves for an order compelling Plaintiff to show cause as to why he failed to perfect service of process upon Defendant Richard Vandermolen ("Vandermolen") in compliance with the Court's pretrial order. (Def. Mem. Supp. Mot. at 5.) At the motion hearing, the Court questioned Plaintiff as to the appropriateness of naming Vandermolen as a co-defendant since he is a former employee of Northwest and could not be held personally liable in this case. *See Spenser v. Ripley County State Bank,* 123 F.3d 690, 695 (8th Cir.1997) (dismissing claims against supervisor because he could not be held personally liable under Title VII). Plaintiff stated unpersuasively that the choice to name Vandermolen in the original complaint was mainly a stylistic one made for the sake comprehensiveness. The Court then asked whether Plaintiff would agree to drop Vandermolen as a named party on condition that he be made available for deposition in Arizona. Both Parties agreed. Accordingly, Northwest's Motion for Order to Show Cause is denied as moot.[FN1]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 7

Not Reported in F.Supp.2d                                                                                               Page 2
Not Reported in F.Supp.2d, 2002 WL 32539635 (D.Minn.)
**(Cite as: Not Reported in F.Supp.2d)**

FN1. Pursuant to this Order, the Court expects the Parties to file the appropriate papers so as to properly dismiss the Complaint as to Defendant Vandermolen.

B. *Defendant's Motion to Compel*

The Federal Rules of Civil Procedure contemplate liberal discovery; the information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978); *Hickman v. Taylor,* 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Hickman,* 329 U.S. at 501. Discovery should not limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. *See id.* at 500-01. Additionally, discovery should not be limited to the merits of a case because other fact-oriented issues, possibly unrelated to the merits, may arise and properly be the subject of discovery. *See Oppenheimer Fund,* 437 U.S. at 351.

*2 In May 2002, Northwest served written discovery on Plaintiffs, seeking executed authorizations for the release of Plaintiff's tax, employment, and medical records. Plaintiff objected to signing the authorizations, stating inter alia that the requests were overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and unreasonably invasive of his privacy. The Court will address each request in turn.

1. *Tax Records*

In its requests for the production of documents, Northwest sought executed authorizations for Plaintiff's federal and state tax returns for tax years 1994 to date. Plaintiff has already produced those tax returns and schedules which were in his possession and has agreed to produce the remaining information requested, but not via authorization. Instead, Plaintiff has provided executed authorizations to his attorney, allowing him to obtain copies of the tax returns not in his possession from the Internal Revenue Service and the relevant state departments of revenue. At the motion hearing, Plaintiff stated that all tax returns would be provided to Northwest as soon as they are received. Northwest agreed to this procedure. Thus, this portion of Northwest's motion is denied as moot.

2. *Employment Records*

Northwest also seeks executed authorizations for the release of Plaintiff's wage and employment records. Plaintiff repeatedly objected to the request on the basis that the proposed authorization is overly broad and unreasonably invasive of Plaintiff's privacy, in that it seeks "any and all information" pertaining to Plaintiff's employment and does not limit the request in time to events relevant to this case. (Pl.Ex. F & J.) Although Plaintiff has indicated that he would be willing to sign an authorization limited in scope to the issues raised in the Answer or Complaint, and limited in time to events relevant to the Complaint, he has proposed no alternative language. (*Id.* at 2.)

The Court is satisfied that the authorization as currently drafted is neither overly broad nor unnecessarily invasive of Plaintiff's privacy. First, Plaintiff cannot hide behind blanket assertions of privacy to avoid legitimate discovery requests without showing some particular need or bad faith on the part of Northwest. *See Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir.2000). Second, both past and post-termination wage and employments records are highly relevant to the issue of mitigation and to the computation of damages in this case. Third, other types of employment information such as disciplinary records, resumes, and applications may not be admissible at trial, but are reasonably calculated to lead to admissible evidence. For instance, in order to fully assess Plaintiff's allegations, Northwest is entitled significant latitude in which to discover whether Plaintiff has made similar kinds of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 3
Not Reported in F.Supp.2d, 2002 WL 32539635 (D.Minn.)
**(Cite as: Not Reported in F.Supp.2d)**

allegations against employers in the past, and whether he has been the subject of disciplinary action for his work performance. Finally, contrary to Plaintiff's assertion, the proposed authorization is time sensitive; it automatically terminates at the conclusion of this case. Accordingly, this portion of Northwest's motion is granted.

### 3. Medical Records

*3 In addition to tax and employment records, Northwest seeks an order compelling Plaintiff to execute authorizations for the release of his medical records.FN2 The Parties strongly disagree about the discoverability of these records. Northwest asserts that it is entitled to the records because Plaintiff seeks compensation based in part on emotional distress as a result of Northwest's alleged adverse employment action. Specifically, Norwest contends that Plaintiff placed his emotional well-being at issue by claiming emotional distress damages and that it is entitled to discover whether Plaintiff's medical records reveal that his alleged emotional distress was caused at least in part by events and circumstances unrelated to the alleged employment discrimination. (Def. Mem. Supp. Mot. at 7-8.)

> FN2. Northwest's proposed Authorization for Release of Medical Records authorizes health care providers to release all of the following: "Discharge Summary," "Correspondence," "Consultation Reports," "History and Physical Exam," "Laboratory Reports," "Physical Therapy Records," "Chemical Dependency Treatment Records," "Operative Reports," "Pathology Reports," "X-Ray Reports," "Psychiatric/Psychological/Mental Health Records," and "Any and all other information in [the health care provider's] possession."

Plaintiff, on the other hand, argues that his medical records are neither relevant nor discoverable and that he has not placed his medical condition at issue simply because he seeks emotional distress damages. (Pl. Mem. Opp. Mot. at 6-8, 12-13.)

Moreover, since he has not claimed any specific mental or physical injury and does not intend present any expert testimony at trial regarding any physical or psychological illness, condition, or disorder, Plaintiff's medical records are not relevant to the action. (*Id.*) According to Plaintiff, as long as he does not rely on his medical records for proving emotional distress damages, Northwest is not entitled to access the records.

Emotional distress damages are recoverable in employment discrimination cases. *See Williams v. Trans World Airlines, Inc.,* 660 F.2d 1267, 1272 (8th Cir.1981). While numerous cases have examined the issue of whether an independent medical or psychological examination can be ordered under Federal Rule of Civil Procedure 35 for a plaintiff who claims some kind of emotional harm in a racial or sexual discrimination lawsuit, few cases have directly addressed the discoverability of the plaintiff's medical records in such cases. Nevertheless, it is clear, first, that simply because the "in controversy" standard of Rule 35 is not satisfied, it does not follow that the medical records are undiscoverable. Rule 26 allows discovery of all relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. *See* Fed.R.Civ.P. 26(b)(1). Therefore, regardless of whether Plaintiff's mental or emotional condition is in controversy, his medical records may be nonetheless relevant if they shed light on other contributing causes of Plaintiff's emotional distress claims.

In arguing that his medical records are not relevant in the instant case, Plaintiff places much stock in his representation to the Court that he does not intend to use either medical records or medical testimony to prove his claim for emotional distress damages. (Pl. Mem. Opp. Mot. at 2, 7, 13.) It is true that "[m]edical or other expert evidence is not required to prove emotional distress," and that " '[a] plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard." ' *See Kim v. Nash Finch Co.,* 123 F.3d 1046, 1065 (8th Cir.1997) (quoting *Turic v. Holland Hospitality, Inc.,* 85 F.3d 1211, 1215-16 (6th Cir.1996)). However, an award of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 4
Not Reported in F.Supp.2d, 2002 WL 32539635 (D.Minn.)
**(Cite as: Not Reported in F.Supp.2d)**

damages for emotional distress must be supported by "competent evidence of 'genuine injury.'" *See Forshee v. Waterloo Indus., Inc.,* 178 F.3d 527, 531 (8th Cir.1999) (quoting *Carey v. Piphus,* 435 U.S. 247, 264 n. 20 (1978)). A plaintiff must offer evidence of the nature and extent of emotional harm caused by an alleged violation. *See Bailey v. Runyon,* 220 F.3d 879, 880-81 (8th Cir.2000). Conclusory statements that a plaintiff suffered emotional distress are inadequate because they " give the finder of fact no adequate basis from which to gauge the 'nature and circumstances of the wrong and its effect on the plaintiff.'" *See id.* at 881 (citations omitted). Absent corroborating evidence of emotional harm, a plaintiff is entitled solely to nominal damages. *See id.* at 882 (affirming $1.00 nominal damage award to a prevailing male employee in action against employer for same-sex harassment); *Dhyne v. Meiners Thriftway, Inc.,* 184 F.3d 983, 986 (8th Cir.1999) (affirming $1.00 nominal damage award to female who had been sexually harassed by a male coworker).

*4 Therefore, if Plaintiff intends to seek only nominal damages for emotional harm, Northwest's need for Plaintiff's medical records is diminished, though not entirely extinguished. If, on the other hand, Plaintiff intends to seek anything more than nominal damages for any alleged emotional distress, then he is placing his mental condition at issue in this case, and Northwest is entitled to explore any evidence, including Plaintiff's medical records, which may be relevant to such a claim. *See Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir.2000) (finding that employee's claims of sex discrimination and emotional distress damages placed her medical condition at issue, making her medical records relevant, and, absent a showing of bad faith, discoverable).

In the instant case, several factors militate against finding in favor of Plaintiff. First, Plaintiff has identified at least three experts who may testify at trial. One is a medical doctor; the other two are purportedly psychologists. Although Plaintiff claims that none of the experts will provide medical or psychological testimony, he concedes that they will be used "to prove up emotional distress damages." (Pl. Mem. Opp. Mot. at 7.) How it is that Plaintiff will use expert testimony to prove emotional distress damages without offering medical or psychological testimony is not clear. Plaintiff argued at the motion hearing that the experts would, if called to testify, offer their opinions regarding the "emotional impact of discrimination." Whatever such testimony may entail, Plaintiff is clearly seeking more than nominal damages for his alleged emotional distress. In discussing the "emotional impact of discrimination," these experts would no doubt place Plaintiff's emotional distress at issue in this case. Therefore, the Court finds Plaintiff's attempt to navigate around the relevancy of the emotional distress allegations to be disingenuous. As such, the Court is unwilling to allow Plaintiff to have it both ways. Plaintiff may not remain free to use expert testimony in the course of proving his emotional damages while at the same time refuse to produce his medical records which may effectively undermine such testimony. At this juncture, the issue is whether Plaintiff's medical records are discoverable, not whether they are admissible. That determination is for the trial judge.

Second, Plaintiff has not provided any justifications to the Court explaining why certain aspects of his medical history should remain confidential, other than to make blanket statements about invasions of privacy.

Finally, regardless of whether Plaintiff intends to introduce his medical records or offer medical testimony to prove his alleged emotional distress, Northwest is entitled to determine whether Plaintiff's relevant medical history indicates that his alleged emotional distress was caused in part by events and circumstances independent of Northwest's allegedly adverse employment action. Northwest should be allowed to discover whether Plaintiff has suffered from, or been treated for, symptoms similar to those alleged in the Complaint and asserted in Plaintiff's written responses to interrogatories. As previously noted, discovery is broad and the parties should be armed with as much relevant information as is reasonably possible to properly assess the merits of the case. Plaintiff must keep in mind that Northwest is entitled to fully explore its theory of this case, independent of Plaintiff's specific claims or allegations.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 5
Not Reported in F.Supp.2d, 2002 WL 32539635 (D.Minn.)
**(Cite as: Not Reported in F.Supp.2d)**

*5 In conclusion, while the Court is mindful of the privacy issues involved in the discovery of medical records, the Court also favors the broad contours of discovery. Medical and psychological records often reflect a person's well-being, the manner in which he or she perceives a course of events, and external circumstances that may be contributing to the harms complained of in a lawsuit. Furthermore, where a plaintiff puts his emotional condition into issue in the litigation, he effectively waives his right to privacy in any relevant and unprivileged medical records. See *Schoffstall,* 223 F.3d at 823. Here, Plaintiff has placed his medical condition at issue by claiming emotional distress damages. As such, Plaintiff may not maintain a claim of privacy in his medical records, and Northwest is entitled to obtain and review them.

Plaintiff's emotional distress claim does not, however, give Northwest an unfettered right to pursue discovery into Plaintiff's entire medical history. While Northwest is entitled to discover Plaintiff's mental and emotional health treatment records, it is not entitled to pursue discovery of treatments Plaintiff may have received for physical ailments or injuries.

Accordingly, with respect to health care providers from which Northwest may obtain medical records concerning any mental or emotional treatment or therapy, Northwest is directed to modify its authorization form such that it authorizes only the release of medical information pertaining to the treatment or diagnosis of a mental, emotional, or psychological condition. The information to be disclosed may include: discharge summaries (if related to mental or emotional treatment), consultation reports (if related to mental or emotional treatment), psychiatric/psychological/mental health records, and chemical dependency treatment records. Laboratory reports, x-rays, pathology reports, physical therapy records, and information concerning physical examinations are to be expressly excluded.[FN3]

> FN3. Nothing in this Order prevents the Parties from entering into a protective agreement to cover the disclosure of confidential information in this case. Whether or not any information contained in Plaintiff's medical records will be admissible at trial is not a question before this Court; rather, it is a matter reserved for the trial judge.

C. *Sanctions, Costs and Attorney's Fees*

Northwest argues that Plaintiff should be ordered to pay the following: (1) $600 of the stayed sanctions granted by the Court's August 26, 2002 Order, and (2) an additional $700 for the costs and fees incurred by Northwest in bringing this motion. (Def. Mem. Supp. Mot. at 9-10.) Plaintiff contends that Northwest is not entitled to the stayed portion of the discovery sanctions because Plaintiff has not missed a discovery deadline or engaged in dilatory discovery practices. (Pl. Mem. Opp. Mot. at 13-14.) Furthermore, Plaintiff argues that Northwest is not entitled to costs and fees associated with bringing this motion because Northwest has not made a good faith effort to obtain the discovery at issue in this motion and because Plaintiff's objections to the proposed authorizations are substantially justified. (*Id.* at 15-16.)

Pursuant to the terms of the Court's August 26, 2002 Order, Plaintiff's previous late discovery responses were unjustified and warranted an award of $750 in sanctions. The Court directed that Plaintiff pay only $150 of the sanction and stayed the remaining portion pending Plaintiff's timely compliance with all future discovery deadlines, unless good cause excuses such compliance. In its motion papers, Northwest has not identified any discovery deadline that Plaintiff failed to satisfy in a timely manner. Northwest only notes that Plaintiff's failure to perfect service of process on Vandermolen violates the deadline for adding parties. Otherwise, it appears that Plaintiff has provided timely supplemental discovery in response to inquiries from Northwest. (*See* Pl.Ex. F & G.) Plaintiff has also paid $150 to Northwest and made himself available for deposition. Accordingly, Northwest is not entitled to the stayed portion of discovery sanctions granted in the Court's August 26, 2002 Order. This part of Northwest's motion is

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 6
Not Reported in F.Supp.2d, 2002 WL 32539635 (D.Minn.)
**(Cite as: Not Reported in F.Supp.2d)**

denied.

***6** With respect to costs and attorneys' fees, Federal Rule of Civil Procedure 37(a)(4) permits a court to award fees and costs to a party who moves to compel discovery even if the requested discovery is provided after the motion was filed, unless the moving party did not attempt in good faith to obtain the discovery, the opposing party's nondisclosure was substantially justified, or an award would be unjust.

In this case, the Court finds that Northwest made repeated attempts in good faith to obtain executed authorizations for tax, employment, and medical records from Plaintiff. (Def. Ex. I, J, K, L, & M.) Therefore, the issue is whether Plaintiff has also raised valid objections to the proposed authorizations. Plaintiff objected to the proposed authorization for release of wage and employment records on the grounds that it is overly broad, unduly burdensome, and unreasonably invades Plaintiff's privacy. (Pl. Mem. Opp. Mot. at 6.) Given that Plaintiff's employment records, especially post-termination, are highly relevant to mitigation and damages, the Court questions the merits of the objection. However, because the proposed authorization is broad in scope, Plaintiff's objection is not so unjustified as to warrant granting Northwest cost and fees. Similarly, Plaintiff objected to the proposed authorization for the release of Plaintiff's medical on similar grounds. Here, the Court finds that Plaintiff's objections are substantially justified because the proposed authorization seeks the disclosure of some information which is irrelevant to issues in this case. Therefore, Northwest's request for costs and attorneys' fees is also denied.

Based upon all the files, records, and proceedings herein, IT IS HEREBY ORDERED:

(1) Defendant's Motion for Order to Show Cause and to Compel (Doc. No. 41 & 42) is GRANTED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART, as set forth fully in the body of this Order;

(2) Defendant Vandermolen must be made available for deposition in Arizona at a mutually agreeable time between the Parties;

(3) Defendant Northwest shall modify its medical authorization form as directed in this Order and serve same upon Plaintiff no later than November 8, 2002;

(4) Plaintiff shall sign Defendant's modified Authorization for Release of Medical Records no later than November 15, 2002; and

(5) Plaintiff shall sign Defendant's Authorization for Release of Wage and Employment Records no later than November 15, 2002.

D.Minn.,2002.
Walker v. Northwest Airlines Corp.
Not Reported in F.Supp.2d, 2002 WL 32539635 (D.Minn.)

Briefs and Other Related Documents (Back to top)

• 0:00CV02604 (Docket) (Nov. 29, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.