IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TERESA NG                                    )
                                             )
         Plaintiff,                          )
                                             )
    v.                                       )    Civil Action No. 1:05CV01936
                                             )    (JGP)
UBS FINANCIAL SERVICES INC.                  )
                                             )
         Defendant.                          )
_____)

REPLY IN FURTHER SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL TO PLAINTIFF

Ms. Ng concedes that our written retainer agreement requires payment of fees on an hourly basis, that she furnish a retainer on deposit to pay those fees, that we may terminate our representation if she does not furnish a requested retainer, and that she has not tendered the requested retainer despite repeated requests for it.

A significant amount of attorney time will be required from this point to the conclusion of this case because a number of depositions will be taken, followed by motion practice, and trial.

The undersigned counsel would suffer a severe financial burden if we were required to provide pro bono legal representation to Ms. Ng. The undersigned is a small firm consisting of three lawyers who devote their practice to representing plaintiffs in employment matters. In this case, Ms. Ng agreed to compensate counsel for his time on an hourly basis and it would be unfair if the court were to convert this representation into a non paying arrangement. Barton v. District of Columbia, 209 F.R.D. 274, 277-78 (D.D.C. 2002) (noting that the court should consider whether denying a motion to

withdraw would subject counsel to an undue financial burden reasoning in part that it was not "fair or wise to keep plaintiff's counsel on this case for much longer in light of the plaintiff's inability to pay.").

The applicable Restatement and Model Rule provide that a lawyer may withdraw from representation if the client substantially fails to fulfill an obligation to his counsel regarding counsel's services and has been given reasonable warning that counsel will withdraw unless the obligation is fulfilled or the representation will result in an unreasonable financial burden on counsel. RESTATEMENT OF THE LAW GOVERNING LAWYERS § 32 (2000); MODEL RULES OF PROF'L CONDUCT R. 1.16 (2002). The District of Columbia Rules of Professional Conduct are identical to the Restatement and Model Rule on this point. D.C. RULES OF PROF'L CONDUCT R. 1.16 (2003).

Defendant's opposition claiming prejudice ignores that it was Defendant's counsel who requested at least two of motions extending out the deadlines in this case.

Respectfully submitted,

Alan Lescht
Susan Kruger
Alan Lescht & Assoc., PC
1050 17th St., NW, Suite 220
Wash., D.C. 20036
Tel (202) 463-6036
Fax (202) 463-6067
Attorneys for Plaintiff

## Certificate of Service

The last known address of the plaintiff Teresa Ng is 10404 Falls forest Pl., Great Falls, VA 22066. I served this motion upon Ms. Ng at her last known address by regular mail on February 7, 2007.

_____
Alan Lescht