UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERESA NG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 05-1936 (JGP) |
| | ) |
| UBS FINANCIAL SERVICES, INC. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

**I.     INTRODUCTION**

This matter is before the Court on Counsel's **Motion to Withdraw as Counsel To Plaintiff** [27], **Defendant's Opposition To Plaintiff's Counsel's Motion to Withdraw As Counsel To Plaintiff** [28], and Counsel's **Reply In Further Support Of Motion To Withdraw As Counsel To Plaintiff** [30]. Also before the Court is Plaintiff's **Motion For Extension And Postponement Of All Incoming Legal Procedures** [31] and **Defendant's Opposition To Plaintiff's Motion To Continue** [32].¹ Counsel seeks "to withdraw as counsel to plaintiff for non payment of [legal] fees," Mot. To Withdraw at 3, while Plaintiff requests a brief extension of the discovery period in which to locate and retain substitute counsel. For the reasons stated below, the motion to withdraw and the motion for an extension of the discovery period are both granted.

---

¹ Ms. Ng has not filed a reply brief in support of her motion, *see* LCvR 7(d). Because the Court concludes that her motion should be granted, however, it will issue a ruling without waiting for one.

## II.    BACKGROUND

Teresa Ng filed this employment discrimination action on August 19, 2005, alleging that while working as a cashier for UBS Financial Services, Inc., she "was subjected to unwanted sexual advances and . . . sexual harassment by a male co-worker." Compl. at ¶¶ 3-4. Although she "complained about the co-worker's [conduct] . . . to management . . . it [nonetheless] continued" because, she alleges, the Defendant "failed to take appropriate remedial action to stop the sexual harassment and racial harassment." *Id*. at ¶¶ 7-8. "Defendant terminated [Ms. Ng's] employment" shortly after she "complained about" the conduct, and Ms. Ng alleges that the "reasons given for the termination . . . [were] false." *Id*. at ¶ 9. Plaintiff claims that Defendant's conduct violated the D.C. Human Rights Act and Title VII of the Civil Rights Act of 1964. *Id*. at ¶¶ 12-31. Since the filing of the complaint in August 2005, the parties have been engaged in a protracted period of discovery, which is currently scheduled to be completed by March 9, 2007. The deposition of Ms. Ng is currently scheduled for February 14, 2007.

On February 1, 2007, Alan Lescht and Susan Kruger filed a motion to withdraw as counsel for Ms. Ng's alleged failure to pay their legal fees. Lescht Mot. To Withdraw at 1. Mr. Lescht and Ms. Kruger claim that they were "retained as counsel pursuant to a written retainer agreement" that "required . . . plaintiff [to] furnish counsel with retainer deposits to cover the expected fees of the case when requested." *Id*. "[D]espite repeated requests," counsel claim that Ms. Ng has failed to "tender[] the requested retainer."[2] *Id*. Counsel maintain that they are entitled to withdraw from representing Ms. Ng because their agreement "provides that [they] may

---

[2] Mr. Lescht and Ms. Kruger have not elaborated on the amount of money owed by Ms. Ng or the number of times they have requested payment.

withdraw if plaintiff does not furnish the requested retainer." *Id*.  In addition, Mr. Lescht and Ms. Kruger also claim that they will "suffer a severe financial burden if [they are] required to provide pro bono legal representation to Ms. Ng" because a "significant amount of attorney time will be required from this point to the conclusion of this case . . . [including] depositions . . . motion practice, and trial."  Lescht Reply Br. at 1.  Finally, they note that under "the applicable Restatement and Model Rule[,] . . . a lawyer may withdraw from representation if the client substantially fails to fulfill an obligation to [her] counsel regarding counsel's services and . . . the representation will result in an unreasonable financial burden on counsel."  *Id*. at 2.

Ms. Ng, acting *pro se*, filed a response to Mr. Lescht's and Ms. Kruger's motion to withdraw on February 6, 2006, which she captioned as a Motion For Extension And Postponement Of All Incoming Legal Procedures.  Ms. Ng states that she was "very surprise[d] and disappointed . . . [by her counsel's] decision . . . to withdraw," and asserts that she "was never [informed] that [counsel] had decided [to withdraw]."  Mot. For Ext. at 1.  Nonetheless, Ms. Ng consents to the motion to withdraw "[i]f Mr. Lescht does not wish[] to be [her] counsel."  *Id*. at 2.  She asks the Court to postpone "the deposition that was scheduled for February 14, 2007," and to "grant [her] a reasonable amount of time to seek new representation."  *Id*. at 2.  Ms. Ng also asks that her counsel be ordered to send her all "information" and "documents" that they have accumulated during the pendency of their representation.  *Id*. at 3.

Defendant opposes both the motion to withdraw and Ms. Ng's motion for an extension of the discovery period.  "Defendant opposes Plaintiff's counsel's withdrawal" because it claims "it will cause undue delay in this case in that it will likely affect Defendant's ability to complete discovery within the discovery period."  Def.'s Opp'n To Mot. To Withdraw at 1.  Defendant

3

asserts that "the withdrawal of Plaintiff's counsel will likely result in a delay of . . . previously scheduled . . . depositions, as well as a delay in the scheduling and completion of the remaining depositions." *Id*. at 1-2. Defendant opposes Ms. Ng's motion for an extension of the discovery period for the same reasons; most notably, it seeks to avoid "an undue delay in this case." Def.'s Opp'n. To Mot. To Cont. at 1. If the Court were to grant counsel's motion to withdraw, however, Defendant "requests that the Court order Plaintiff to appear for her deposition [scheduled] for February 14, 2007, and order that Defendant may proceed with scheduling and conducting the remaining depositions despite the withdrawal of Plaintiff's counsel." Opp'n To Mot. To Withdraw at 2.

### III. DISCUSSION

#### A. Counsel's Motion to Withdraw

Mr. Lescht and Ms. Kruger move to withdraw as counsel for Plaintiff because they allege that she has not, despite repeated requests, honored their written retainer agreement, and that they will suffer a "severe financial burden" if they are not permitted to withdraw. After considering counsel's arguments, and Defendant's opposition to the motion, the Court concludes that the motion should be granted.

When ruling on a motion to withdraw, the Court must delicately balance several competing interests. On one hand, it is "a fundamental premise[] [that] counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client." *Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003) (citing *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987)). This obligation will not be released without reason. On the other hand, however, an attorney should not be required to bear

4

the substantial expense of trial, and the accompanying financial exposure, where client and counsel have a signed agreement governing fee payment to the contrary. *See Lieberman v. Polytop Corp.*, 2 Fed. Appx. 37, 39-40 (1st Cir. 2001) ("It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement."). The Court is also mindful of the "disruptive impact that the withdrawal [may] have on the prosecution of the case." *Byrd*, 271 F. Supp. 2d at 176 (citation omitted).

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court." *Byrd*, 271 F. Supp. 2d at 176 (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2nd Cir. 1999) (other citations omitted)). Local Civil Rule 83.6(d) "guides the court's ruling on an attorney's motion to withdraw." *Byrd*, 271 F. Supp. 2d at 176. The rule provides in relevant part:

> **Ruling On Motion To Withdraw Appearance**
> The Court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice.

LCvR 83.6(d). "In reaching its ruling, the court also may consider factors such as the length of time the case and dispositive motions have been pending, the time it would take for the unrepresented party to search for and secure new legal representation, and the degree of financial burden that counsel would suffer if the court required him to remain in the case." *Byrd*, 271 F. Supp. 2d at 176 (citing *Barton v. District of Columbia*, 209 F.R.D. 274, 277-78 (D.D.C. 2002)).

Applying Rule 83.6 to the present circumstances, the Court concludes that counsel's

motion to withdraw should be granted. The Court reaches this conclusion for a number of reasons. First, counsel state that they will suffer a severe financial burden if they are not allowed to withdraw. While they have not provided the Court with a detailed accounting of missed payments, or the amount of money that is in arrears, the Court has no doubt that asking counsel to continue their representation in this matter, through both discovery and trial, would impose a significant financial burden on them. Counsel are not expected "to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it." *Lieberman*, 2 Fed. Appx. at 39-40. Second, Ms. Ng has consented to her counsel's withdrawal, noting that they are no longer acting in her best interests. She only asks for a short extension of the discovery period in which to retain substitute counsel. Third, Defendant has not alleged, and the Court does not find, that either party will be unfairly prejudiced by counsel's withdrawal. Up until this point in the litigation, the parties have been granted five separate motions extending the discovery period. Indeed, Defendant admits that they still have not even scheduled three important depositions. Thus, the only real obstacle to granting the motion to withdraw is the deposition currently set for February 14, 2007. While rescheduling this deposition may be inconvenient for all involved, this will not unfairly prejudice either side, and is, alone, insufficient to prevent counsel's withdrawal. Finally, allowing counsel to withdraw will not unduly delay trial because, as noted above, it will only require the parties to reschedule a single deposition. In short, the Court is unwilling to obligate Mr. Lescht and Ms. Kruger to serve as counsel indefinitely, to their own financial detriment, where Ms. Ng consents to the withdrawal, and where it will not have a "disruptive impact . . . on the prosecution of the case." *Byrd*, 271 F. Supp. 2d at 176.

B.      **Plaintiff's Motion For An Extension Of The Discovery Period**

Ms. Ng has moved for "a postponement and/or extension of any and all incoming legal procedures," including "a postponement of the deposition that was scheduled for February 14, 2007," until she retains substitute counsel. Mot. For Ext. at 2-3. She specifically asks that she be given "a reasonable amount of time to seek new representation," indicating that she does not wish to proceed *pro se*. Seeking to avoid "an undue delay in this case," "Defendant requests that the Court order Plaintiff to appear for her deposition noticed for February 14, 2007," regardless of whether she is represented by counsel. Opp'n. To Mot. To Cont. at 1-2. The Court agrees with Ms. Ng that a brief extension of the discovery period, including a postponement of the deposition scheduled for February 14, 2007, is warranted.

"Federal trial courts enjoy wide discretion in handling pretrial discovery matters." *Childers v. Slater*, 197 F.R.D. 185, 187 (D.D.C. 2000) (citing *United Presbyterian Church v. Reagan*, 238 U.S. App. D.C. 229, 236, 738 F.2d 1375, 1382 (D.C. Cir. 1984) (citing *In re Multi-Piece Rim Products Liability Litigation*, 209 U.S. App. D.C. 416, 653 F.2d 671, 679 (D.C. Cir. 1981))). The decision of "'whether [or not] to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion.'" *Id*. at 187 (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (other citations omitted)). "Indeed, the D.C. Circuit will reverse discovery rulings only in those 'unusual cases' where there has been a clear abuse of discretion." *Id*. (quoting *United Presbyterian Church*, 238 U.S. App. D.C. at 236, 738 F.2d at 1382).

Here, Ms. Ng's counsel filed a motion to withdraw on February 1, 2007, less than two weeks before her scheduled deposition and approximately one month before the close of

discovery, which, she claims, "surprise[d]" her. Thus, it appears that Ms Ng was not aware of counsel's decision to withdraw from the case until the motion was filed. Because the motion was filed without warning, and only a few days before her deposition, Ms. Ng has not been given an adequate opportunity to find new representation. It would therefore be inappropriate to ask Ms. Ng to appear for her deposition and to continue with the prosecution of her case without giving her a brief opportunity to find and retain counsel. While the Court is sympathetic to Defendant's desire to prevent "undue delay in this case," a brief extension of the discovery period will not cause an excessive delay, and is undoubtedly necessary if Ms. Ng is to proceed with her case with the assistance of counsel. This short extension will give Ms. Ng's new counsel an opportunity to become familiar with the facts of the case and prepare for her deposition.[3]

Accordingly, and for the reasons stated above, it is hereby

**ORDERED** that Counsel's Motion to Withdraw as Counsel To Plaintiff [27] is **GRANTED**, and that counsel shall furnish Ms. Ng with their case file; and it is further

**ORDERED** that Plaintiff's Motion For Extension And Postponement Of All Incoming Legal Procedures [31] is **GRANTED**; and it is further

**ORDERED** that the deposition of Teresa Ng, which is scheduled for February 14, 2007, is continued until a date and time to be agreed upon by Plaintiff and Defendant; and it is further

**ORDERED** that the parties comply with the following modified discovery and dispositive motions schedule, which has been extended by 45 days:

1. The parties shall complete all factual discovery on or before April 23, 2007.

2. On or before June 18, 2007, the parties shall disclose any experts they intend to call as

---

[3] The Court will notify Ms. Ng by telephone that it has ruled on her motion.

witnesses and file expert reports pursuant to Fed. R. Civ. P. 26(a)(2).

3.  The parties may disclose any rebuttal experts and file expert reports on or before July 16, 2007.

4.  Depositions of experts, if any, are to be conducted on or before August 20, 2007.

5.  The status hearing previously set for July 17, 2007, is continued to August 29, 2007, at 10:00 A.M. in Courtroom 15.

6.  The parties may file dispositive motions on or before October 26, 2007.

7.  The parties may file oppositions to dispositive motions on or before November 26, 2007.

8.  The parties may file replies in support of dispositive motions on or before December 10, 2007.

**SO ORDERED.**

**DATE: February 12, 2007**                                    **JOHN GARRETT PENN**
                                                               **United States District Judge**