UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERESA NG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 05-1936 (JGP) |
| | ) |
| **UBS FINANCIAL SERVICES, INC.** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on Plaintiff's **Motion For An Extension Of The Discovery Period** [35]. Plaintiff "moves this Court for a one-hundred and twenty (120) day extension of the discovery period." Plt.'s Mot. at 1. Plaintiff claims that this extension is necessary because she has recently retained new counsel who need to become familiar with, and prepare, her case. *Id*. To adequately prepare, Plaintiff notes that her counsel need to "obtain and review copies of all pleadings," "complete their review of documents already produced (over 500 bates stamped pages from Defendant alone)," "supplement [her] discovery requests," and "schedule at least four depositions, [including] one in New Jersey." Plt.'s Reply Br. at 1. She asserts that she "will be irreparably harmed and irreversibly prejudiced if not given enough time for her counsel to properly represent her." *Id*.

While Defendant "consents to a thirty (30) day extension of the discovery period to allow Plaintiff's new counsel time to review the case materials," it claims that granting Plaintiff "an additional one-hundred and twenty days . . . is excessive." Def.'s Opp'n at 1. In Defendant's opinion, a thirty day "extension . . . is sufficient time for Plaintiff's new counsel to review the

documents exchanged in discovery and become acquainted with all of the facts of this case." *Id*. at 2. It notes that the parties have only exchanged "a few hundred pages" of documents and the issues involved in this case, pertaining to allegations of employment discrimination and retaliation, "are not complex." *Id*. Defendant argues that "any additional extensions of the discovery period [will] unfairly impact Defendant as memories of the individuals involved fade and as individuals leave [its] employment." *Id* at 2-3. Defendant requests a thirty day extension.

The Court agrees that a 120-day extension is warranted here. Plaintiff was required to retain new counsel after her former counsel unexpectedly filed a motion to withdraw. As a result, Plaintiff's new counsel now have to review and become familiar with a case that has been litigated for one and a half years. This requires a substantial amount of work. They must also prepare for four separate depositions, including one out-of-state deposition, and review and potentially supplement discovery responses. The Defendant, meanwhile, has not proffered any concrete harm that it would suffer if the discovery period is extended 120 days, rather than the 30 days it proposes. While it suggests that witness memory may fade, there is no indiction what witnesses Defendant is referring to, the number of witnesses involved, or why this would harm only the Defendant, and not Plaintiff. On the other hand, Plaintiff points to specific tasks that her counsel must complete before discovery closes; tasks that are understandably time consuming. The Court sees no reason to jeopardize Plaintiff's ability to prosecute her case by rushing to conclude discovery. *See In re Multi-Piece Rim Products Liability Litigation*, 209 U.S. App. D.C. 416, 424, 653 F.2d 671, 679 (D.C. Cir. 1981) ("A district court has broad discretion in its resolution of discovery problems that arise in cases pending before it.").

Accordingly, it is hereby

**ORDERED** that Plaintiff's **Motion For An Extension Of The Discovery Period** [35] is **GRANTED**; and it is further

**ORDERED** that the parties comply with the following modified discovery and dispositive motions schedule, which has been extended by 120 days:

1. The parties shall complete all factual discovery on or before August 23, 2007.

2. On or before October 18, 2007, the parties shall disclose any experts they intend to call as witnesses and file expert reports pursuant to Fed. R. Civ. P. 26(a)(2).

3. The parties may disclose any rebuttal experts and file expert reports on or before November 16, 2007.

4. Depositions of experts, if any, are to be conducted on or before December 20, 2007.

5. The status hearing previously set for August 29, 2007, is continued to January 9, 2008, at 10:00 A.M. in Courtroom 15.

6. The parties may file dispositive motions on or before February 26, 2008.

7. The parties may file oppositions to dispositive motions on or before March 26, 2008.

8. The parties may file replies in support of dispositive motions on or before April 10, 2008.

**SO ORDERED.**

**DATE: April 20, 2007**                                              **JOHN GARRETT PENN**
                                                                       **United States District Judge**